## GUNN v. JOHNS.
### No. 13193.

Court of Civil Appeals of Texas. Dallas.
July 4, 1941.

Rehearing Denied Aug. 1, 1941.

Andrew V. Allison, of Dallas, for appellant.

Owen F. Watkins, of Mexia, for appellee.

YOUNG, Justice.

This appeal is from an order of the trial court, dismissing, for want of jurisdiction, appellant's proceedings in contempt against Carl Conrad Johns. In a previous suit between the parties, a judgment of divorce had been rendered, of date January 17, 1938, with the following additional recitals therein: "It is further ordered by the court that the custody of the minor children of plaintiff and defendant herein, to-wit, Conrad Joe Johns, boy age 6 years, Glenn Richard Johns, boy age 5 years, be and are hereby awarded to the plaintiff, provided the said defendant shall have the right to visit and see said children at all reasonable times. It is further ordered by the court that Carl Conrad Johns pay into the registry of this court the sum of $60.00 per month for the support of the minor children of plaintiff and defendant, to-wit: Conrad Joe Johns, a boy, and Glenn Richard Johns until they reach the age of sixteen years, or until further order of this court."

The subsequent contempt motion was filed by Reba Faye Johns Gunn under the same styled suit, and before the court where aforesaid divorce decree was obtained, her sworn allegations being that defendant had disobeyed above decree by refusing to make payments for October, November and December, 1940, a total of $180, and was thereby in contempt of court; praying that defendant be cited to appear and show cause why he should not be so adjudged. Defendant answered by a plea to the jurisdiction; or, to the effect that petitioner and said children are now residents of Payne County, Okla., and thereby without authority to invoke the jurisdiction of the divorce court on said application, unless and until it be shown that the children in question and their custodian are residents of Texas; or will remain in this state pending a disposition of the proceedings and motion. After a hearing, the defensive plea just noted was sustained, with exception and notice of appeal by movant, the mother (now Mrs. Gunn).

The testimony indicated that following the 1938 divorce, Mrs. Johns and the two children had moved to Stillwater, Okla., where her parents resided; that the best interests of the children were subserved by going to the home of her own parents; that the transfer was not made to defeat the jurisdiction of the divorce court or with other fraudulent intent. The children named were brought to Dallas for the hearing.

The defendant, Carl Conrad Johns, testified to living at Mexia, Texas; that he had never objected to the children's living in Oklahoma, but did not know they had been taken to the latter state until after their removal. The order for support of Glenn Richard Johns and Conrad Joe Johns was based upon Vernon's Ann.Civ. St. 4639a, the provisions of which need not be quoted. The statute does not require that minors receiving support thereunder shall remain in Texas, and the payments by defendant are not so conditioned. Plaintiff's motion was not a "new and independent" action, or one to relitigate cus-

tody, hence the cases cited by appellee are not in point.[1]

The subject matter here relates solely to the support clause of aforesaid judgment, and defendant's failure to make the periodical payments according to its terms. The civil proceedings contemplated by the statute for such failure having been instituted, and jurisdiction over defendant secured by lawful notice, the court is expressly empowered to hear and dispose of same, as in other cases of contempt. Under the facts of this record, the children's present residence in Oklahoma has no particular bearing on defendant's adjudged liability for their support. The trial court's action in dismissing said motion must be reversed and remanded for further proceedings.

Reversed and remanded.

---

[1] Appellee's cases are: Black et al. v. Black, Tex.Civ.App., 2 S.W.2d 331; Burckhalter v. Conyer, Tex.Com.App., 285 S.W. 606; Id., Tex.Com.App., 7 S. W.2d 73; Keith v. Keith, Tex.Civ.App., 286 S.W. 534; Lakey v. McCarroll, Tex. Civ.App., 137 S.W.2d 819.