## JOHNS v. JOHNS.
### No. 4273.

Court of Civil Appeals of Texas. El Paso.
Dec. 31, 1942.

Rehearing Denied April 22, 1943.

Owen F. Watkins, of Mexia, for appellant.

Sam McCorkle, of Dallas, for appellee.

McGILL, Commissioner.

This is an appeal from an order of the District Court of Dallas County, 14th Judicial District, overruling appellant's plea of privilege to be sued in Limestone County, the county of his residence.

The nature of the suit is ably stated by the Court of Civil Appeals for the Fifth Supreme Judicial District, in Gunn v. Johns, 153 S.W.2d 709, writ dismissed. In order that this opinion may be complete within itself, we add that on January 17, 1938, the trial court rendered a judgment divorcing the parties hereto and awarding the custody of their two minor children, Conrad Joe Johns, age 6 years, and Glenn Richard Johns, age 5 years, to appellee. The judgment also ordered appellant to pay into the registry of the court the sum of $60 per month for the support of said minors until they should reach the age of 16 years, or until further order of the court. On January 10, 1941, appellee filed a motion in the cause in which such judgment was rendered in which she alleged that appellant had failed and refused to obey the court's order, by omitting the payments for October, November and December, 1940, and was in arrears with said payments in the total sum of $180, and was in contempt of the court's order, and she prayed that he be cited to show cause why he should not be held in contempt and that on final hearing he be fined or imprisoned. Appellant was cited on this motion, and on January 31, 1941, answered by a plea to the effect that appellee was without authority to invoke the jurisdiction of the court on her motion, since she and the children were then residents of Payne County, Oklahoma. After hearing, this plea was sustained by the trial court, but on July 4, 1941, it was overruled on appeal. Gunn v. Johns, supra. Appellant filed his plea of privilege on February 6, 1942, and appellee filed her controverting plea on February 15, 1942. After hearing, the court overruled appellant's plea on April 9, 1942. The controverting plea, among other matters, alleged the rendition of the original judgment of divorce which also ordered appellant to make the above specified payments into the registry of the court; his failure to comply therewith as above set out, and the filing of appellee's motion for contempt. On the hearing, among other things, the original judgment and the motion for contempt were introduced in evidence, and it was stipulated that at the time the motion for contempt was filed and at the time of the hearing, appellant was in arrears under the judgment.

◼ Art. 4639a, Vernon's Ann.Civ.Sts., expressly authorizes the divorce court in divorce actions to order either parent to make periodical payments for the benefit of their minor child or children until they have reached the age of 16 years, and expressly empowers such court to enforce such payments by civil contempt proceedings, after ten days notice to such parent of his failure or refusal to carry out the terms thereof. It also provides that such court shall have power to alter or change such judgment or suspend the same upon notice to such parent as above provided.

In construing this statute, the Supreme Court said: "Manifestly, the power given by the statute to alter, change, and suspend divorce judgments as the facts and circumstances and justice may require only has reference to that part of the divorce decree dealing with orders requiring either or both parents to make contributions for the support of their children under sixteen years of age. As already stated, the Act manifests no legislative intent to clothe the divorce court with continuous, exclusive jurisdiction or venue of all future actions to relitigate and readjudicate custody of children under sixteen years of age on account of changed conditions." Lakey v. McCarroll, 134 Mo. 191, 134 S.W.2d 1016, at page 1021.

◼ We think from this language the corollary is fairly deducible that the statute does manifest a legislative intent to clothe the divorce court with continuous, exclusive jurisdiction and venue to alter, change, suspend or enforce by civil contempt proceedings that part of the divorce decree dealing with orders requiring either or both parents to make contributions for the support of their children under sixteen years of age. See Ex parte Roberts, 139 Tex. 644, 165 S.W.2d 83. This conclusion is inescapable, since no other court could exercise the power to punish for contempt for disobedience of such orders. Ex Parte S. G. Gonzalez, 111 Tex. 399, 238 S.W. 635-636. In this case, Chief Justice Cureton, speaking for the court, said: "The power to punish for contempt, whether expressly conferred by some positive enactment or regarded as incident to jurisdiction conferred upon the court, exists for the purpose of enabling it to compel due decorum and respect in its presence, and due obedience to its judgments, orders, and

process. 6 Ruling Case Law, page 520. Hence one court in no case is authorized to punish contempts of another court. This rule is elementary. 6 Ruling Case Law, p. 520; 13 Corpus Juris, p. 52; Kirk v. Milwaukee, etc., Co., C.C., 26 F. [501], 506; McLeod v. Duncan, 16 Fed.Cas. page 298, No. 8,898, 5 McLean 342; Bessette v. W. B. Conkey Co., 194 U.S. [324], 337, 24 S.Ct. 665, 48 L.Ed. 997; Ex Parte Bradley, 7 Wall. 364, 19 L.Ed. 214."

Affirmed.

This opinion directed to be written and is adopted by the Court.

### On Motion for Rehearing.

■ In his motion for rehearing appellant states, "The uncontroverted record shows that the divorce was granted on January 17, 1938 by the 95th District Court of Dallas County, Texas; that the hearing constituting the basis for this appeal was held by the 42nd District Court of Dallas County, Texas on April 9, 1942, wherein the trial court overruled defendant's plea of privilege."

This statement is not borne out by the record before us. In "Plaintiff's Motion for Contempt," it is stated: "That heretofore, to-wit, on the 17th day of January, 1938, judgment of divorce was entered in the Minutes of the 14th District Court at Dallas County, Texas, Book 61, page 352, in the above entitled and numbered cause." This motion is entitled "No. 33338–A, Re: Reba Faye Johns v. Carl Conrad Johns."

Plaintiff's controverting plea is filed in cause No. 33338–E/A, in the District Court of Dallas County. It recites that on the 17th day of January, A.D. 1938, "this Honorable Court" entered the judgment in cause No. 33338–A. It further incorporates the motion for contempt above referred to, which again recites the entry of the judgment of divorce in the Minutes of the 14th District Court at Dallas County, Texas. And again refers to the "judgment entered by this honorable court" as aforesaid, on the 17th day of January, A.D. 1938.

The judgment and order overruling appellant's plea of privilege is signed by the Judge of the 44th Judicial District Court sitting for the Judge of the 14th Judicial District Court of Dallas County, Texas, and is entered in Volume M, page 288, Minutes of the 14th Judicial District Court of Dallas County, Texas. Appellant's waiver of service in the divorce proceeding purports to be filed in cause No. 33338–A. The judg-

ment of divorce is entered in cause No. 33338–A.

The contempt motion appears to be entered in the same cause. The judge's fiat on the contempt motion is signed by the Judge of the 95th Judicial District Court, sitting for the Judge of the 14th Judicial District Court of Dallas County, Texas. The order sustaining defendant's plea to the jurisdiction on the contempt motion is signed by the Judge of the 95th Judicial District Court sitting for the Judge of the 14th Judicial District Court of Dallas County, Texas.

We think this record clearly shows that the judgment of divorce was rendered and entered by the 14th Judicial District Court of Dallas County, and that the order overruling appellant's plea of privilege was rendered and entered by the same Court.

The motion for rehearing is overruled.

This opinion directed to be written and is adopted by the Court.

WALTHALL, J., not participating.