## PUTTY v. FAULKNER.

### No. 6374.

Court of Civil Appeals of Texas. Texarkana.

Oct. 7, 1948.

Dennard & Dowdy, of Henderson, for appellant.

James E. Faulkner, of Coldspring, and Joe C. Gladney, of Henderson, for appellee.

HALL, Justice.

After careful study of our opinion in this cause, handed down on the 10th day of June, 1948, and appellant's motion filed in opposition thereto, we have concluded that we were in error in ordering the case, in so far as it sought a change in the custody of the minors and in their allowance, transferred to San Jacinto County, the residence of appellee. The following is substituted for our original opinion:

This is an appeal from an order of the Fourth District Court of Rusk County, Texas, sustaining the plea of privilege filed by appellee, overruling the plea of privilege filed by appellant and transferring all features of the case to San Jacinto County, where appellee resides.

It appears from the record that appellant was granted a divorce from appellee by the Special District Court of Rusk County in March, 1941, and the custody of her three minor children was awarded to her with monthly allowance for them fixed at $25 to be paid by appellee. In February, 1943, the above order upon motion of appellee was changed by the Special District Court so that after May 1, 1943, appellee was required to pay $32.00 per month as an allowance for the minors, on the first day of each and every month during the school term, September 1 to June 1. Appellant was given control and custody of the minors during the school term and appellee during the three months of vacation. On the date of the commencement of this action both appellant and appellee had remarried other persons and had established homes in Tarrant and San Jacinto counties, respectively. On September 12, 1947, appellant filed in the Fourth District Court of Rusk County her affidavit and motion charging that appellee had failed and refused to pay the allowance for the support of their minor children as required by the 1943 order of the Special District Court and asked that he be held in contempt of court. On the same date appellant filed another motion in the Fourth District Court of Rusk County asking that the monthly payments of $32 for the minor children's support theretofore allowed by the 1943 order be raised to $75 per month and that the full care and custody of her minor children be awarded to her. To this last motion of appellant appellee, on October 7, 1947, filed his plea of privilege to be sued in San Jacinto County, where he resides.

By her point one, appellant asserts that the trial court erred in transferring the contempt proceedings to San Jacinto County. At the outset it is observed that appellee's plea of privilege had no connection with the contempt proceedings. In his plea of privilege it is said:

"Now comes James E. Faulkner, defendant in the above entitled and numbered cause, designated 'Plaintiff's Motion to alter and change judgment dated February 27th, 1943,' filed herein on or about the 12th day of September, 1947 (as distinguished from another proceeding filed by the same plaintiff in the same court at the same time, seeking to have your defendant held in contempt of court, as the instant plea is not in reply to, or in any way connected with or pertaining to such 'contempt' proceedings, but is being filed only in connection with the first above mentioned motion of plaintiff to alter and change said judgment of the Special District Court of Rusk County, Texas, dated February 27th, 1943) * * *."

But aside from the above we think the motion for contempt is ancillary to the original order fixing the allowance for said minors and the exclusive jurisdiction to enforce it remains with the District Court of Rusk County. It is said in Hunt v. Boyd, Tex.Civ.App., 193 S.W.2d 970, 971:

"In so far as the application seeks to have Mrs. Hunt punished for alleged violation of the judgment of October 31, 1941,

it is merely an enforcement measure, ancillary to said judgment, and is within the exclusive jurisdiction of said court."

See also Johns v. Johns, Tex.Civ.App., 172 S.W.2d 770, and authorities there cited.

Appellee agrees with the above rule but contends that only the Special District Court of Rusk County has jurisdiction of the contempt proceedings, and that the motion to hold him in contempt filed in the Fourth District Court of Rusk County was improper since the Special District Court and not the Fourth District Court entered the order in 1943 which he is charged with disobeying. On the date of the entry of the order in the court below the Special District Court of Rusk County had ceased to exist by operation of law. Acts of 1935, 44th Leg., page 3, Ch. 2, amended by Acts of 1937, 45th Leg., page 410, Ch. 206, Sec. 1, and Acts of 1941, 47th Leg., page 540, Ch. 335, Sec. 1, Vernon's Ann.Civ.St. art. 199, district 4 note; Section 5 of the act listed first above provides:

"At the expiration of the time for which said Special District Court of Rusk County is created, the Judge thereof shall deliver all the dockets and records of said Court to the Clerk of the District Court of the Fourth Judicial District of Rusk County, Texas, for safekeeping and preservation, and any cause or causes upon the docket of said Special District Court of Rusk County shall, at said time, be automatically transferred by the District Clerk of Rusk County, Texas, to the docket of the Fourth Judicial District Court in and for Rusk County, and the Judge of the Fourth Judicial District shall thereafter have full power, authority and jurisdiction to try all such cases, to approve all statements of facts, bills of exception and make any and all orders, judgments and decrees proper' and necessary in the cases theretofore tried in said Special District Court of Rusk County and transferred to said Fourth Judicial District Court as provided for herein."

Thus it is seen that the Fourth District Court by the very act creating the Special District Court was given jurisdiction over all matters pending in said Special District Court on the date it ceased to exist, and for that reason has power to hear and determine all matters over which the Special District Court had jurisdiction on the date of its demise, including the contempt proceedings. Texas Employers Ins. Ass'n v. Tabor, Tex.Civ.App., 291 S.W. 311.

What we have said above is equally applicable to appellant's point No. 2. These points are sustained.

By point No. 3 appellant asserts that the trial court erred in sustaining appellee's plea of privilege. Appellee's plea of privilege was addressed to appellant's motion to change and modify the court's order of 1943, with respect to the custody of the minors and to increase their allowance. The plea, as above stated, was filed on October 7, 1947. On October 11, 1947, appellant filed her amended motion omitting therefrom any averment or plea respecting the custody of the minors but sought only to have their allowance raised from $32 to $75 per month. She then filed her controverting affidavit, setting up the provisions of Revised Statutes, Arts. 4639 and 4639a, Vernon's Ann.Civ.St. arts. 4639, 4639a. Appellant asserts that the court which entered the original order fixing the allowance for the support of the minors has the exclusive jurisdiction to change or modify said order, citing in support of her contention R.C.S., Arts. 4639 and 4639a; Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016; Green v. Spell, Tex.Civ.App., 191 S.W.2d 92, (approved by Sup.Ct. in 144 Tex. 535, 192 S.W.2d 260); Johns v. Johns, supra. The above authorities support appellant's contentions.

After appellant amended her motion so as to eliminate the child custody feature of her cause, to which the plea of privilege was properly addressed, and sought only an increase in the allowance for her minor children, the venue of her case then was clearly laid in Rusk County. Appellant had the right to amend her motion dropping therefrom the child custody feature, Rule 63, Texas Rules of Civil Procedure, and her original motion would thereafter form no part of the pleadings in the case, Rule 65, T.R.C.P. So, as the

case now stands, the venue of both the contempt affidavit and the feature with respect to the increased allowance for the minors· is properly laid in Rusk County. See authorities cited above.

The judgment of the trial court is reversed and the cause remanded.