JOAN NETA ROSENBERG, PETITIONER
*vs.*
JESSE M. ROSENBERG

Cumberland.    Opinion, September 28, 1956.

*Frederic S. Sturgis,* for plaintiff.

*Richard S. Chapman,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, TAPLEY, JJ. MURRAY, A. R. J. CLARKE, J., did not sit.

BELIVEAU, J. On exception. This is a petition for support brought by the petitioner, referred to hereafter as the obligee, against the defendant, her father, the obligor, under the Uniform Reciprocal Enforcement of Support Act, Chapter 167 of the Revised Statutes and amended by Chapter 328 of the Public Laws of 1955. New York has a similar reciprocal law.

The petition is dated January 5, 1956 and is addressed to the Domestic Relations Court of the City of New York, Family Court Division.

A hearing was had before that court on January 9, 1956 and it certified that $150.00 a week was needed by the obligee for support from the respondent. The petition and other necessary documents were transmitted to the Superior Court in the County of Cumberland in this state for action by that court in accordance with the act before referred to.

An order of notice was issued for service on the obligor returnable before the Superior Court in the County of Cumberland on the seventh day of February, 1956, at 10:00 o'clock in the forenoon.

On the return day the obligor filed a special demurrer to this petition which demurrer was overruled and exceptions seasonably taken.

The petition filed in New York alleges that under the laws of that state the obligor was liable for the support of his daughter, the obligee, and the obligor, in his special demurrer, alleges and claims that the laws of New York do not control in this respect because the father was and had been, for some time a resident of Portland, and was not at any time subject to the jurisdiction of the New York courts.

The laws which govern in a situation such as this, are those of the responding state (Maine) and not the laws of the initiating state (New York). The petition alleges that the petitioner "is without means, unable to maintain herself and is likely to become a public charge."

Section I of Chapter 167-A, R. S. (1955 amendment) defines "child" to mean, under this statute, "a son or daughter under the age of 21 years and a son or daughter of whatever age who is incapacitated from earning a living and without sufficient means."

The purpose of the Uniform Reciprocal Enforcement of Support Act, enacted by both Maine and New York, was to remedy a deplorable situation. Under the law, as it existed prior to its enactment, a child or child's guardian, could compel a father to support a child only by coming to the state having jurisdiction over the father and bringing proceedings in the courts of that state. This, in most cases, was an impossible situation because it involved much expense, trouble and time, and was impractical.

164

As the law is now, the child may in the state of his or her domicile initiate proceedings against the father in that state for action to be taken by the state having jurisdiction of the father.

The final decision, or judgment, must be made by the court having jurisdiction over the father and while the initiating state makes recommendations, as it did here, these are not binding on the responding state.

It is alleged in the petition that the child is a female 28 years of age and the allegations that she "is without means, unable to maintain herself and is likely to become a public charge" (New York law) is equivalent to the words, "incapacitated from earning a living and without sufficient means" (Maine law).

It seems to us that the allegations in the plaintiff's petition are sufficient to meet the requirements of our statute.

*Exception overruled.*