**Arthur E. FREELAND, Appellant,**

v.

**Fern FREELAND, Appellee.**

No. 15389.

Court of Civil Appeals of Texas.

Dallas.

May 9, 1958.

**944**

Chaney & Harless, Dallas, for appellant.

Henry Wade, Dist. Atty., and A. George Biggs, Asst. Dist. Atty., Dallas, for appellee.

DIXON, Chief Justice.

The judgment from which this appeal was taken is based on the Reciprocal Support of Dependants Act of Texas, Arts. 2328b–1, 2328b–2 and 2328b–3, Vernon's Ann.Civ.St.

Arthur E. Freeland, appellant-defendant, and Fern Freeland, appellee-plaintiff, were divorced by a judgment of the 17th District Court in Tarrant County, Texas on December 3, 1953. Appellee was awarded care and custody of three minor children. Appellant was ordered to pay $25 per week as child support, beginning December 7, 1953, the payments to be made each week to the Collector of Child Support of Tarrant County, Texas.

Thereafter appellee with the three minor children moved to the State of Indiana, where she established her residence and that of the children. So far as the records show, appellant has continued to reside in the State of Texas.

On October 22, 1956 in the Circuit Court of Adams County, Indiana, appellee filed her petition in which she alleged that she and appellant were granted a divorce December 3, 1953 by the 17th District Court of Tarrant County, Texas; that appellant owed a duty to support their three minor children under the Reciprocal Support of Dependants Law of the State of Indiana (Sec. 3–3101 et seq., Burns' Indiana Statutes); that since December 3, 1953 Appellant has refused and neglected to provide fair and reasonable support for said minor children according to his means and earning

capacity; and she was informed and believed that appellant is now employed in Grand Prairie, Dallas County, Texas, and resides either in Grand Prairie, Dallas County, Texas, or in Arlington, Tarrant County, Texas.

Appellee's petition in the Indiana County concludes with these two paragraphs:

"That the State of Texas has enacted a Uniform Reciprocal Support of Dependants Law which is substantially similar and reciprocal to Chapter 224 of the Acts of Indiana General Assembly of 1951 and that this complaint is filed for the purpose of invoking the jurisdiction of the District Court in the State of Texas in which the defendant resides and to obtain jurisdiction over the person and property of the defendant to enforce his duty to support his said minor children.

"Wherefore, the plaintiff prays for a determination of the duty of the defendant to support his minor children, and of the residence of the defendant and the proper jurisdiction of the District Court of Texas in Tarrant or Dallas Counties over the defendant and his person and property and for an order directing the Clerk of this Court to transmit authenticated copies of the Reciprocal Support of Dependants Law of this State, being Chapter 224 of the Acts of the Indiana General Assembly of 1951, certified copies of this complaint and the certificate of this Court to the appropriate district court of Texas for the enforcement of said duty to support."

On October 27, 1956, the Indiana Court rendered a judgment in favor of appellee. We quote part of the judgment:

"And the undersigned Judge of the Adams Circuit Court * * * now finds and further certified:

"1. That the defendant, Arthur E. Freeland, owes a duty of support to

the three minor children * * * according to the testimony of the plaintiff, the needs of the said three minor children for support from the defendant are in the sum of at least Thirty Dollars ($30.00) per week.

"2. That the above named defendant is believed to be residing in and at Grand Prairie, Dallas County, Texas. * * *

"It is therefore now ordered, adjudged and decreed by the Court that this certificate, together with three certified copies of the complaint, and three authenticated copies of Chapter 224, Acts of the General Assembly of Indiana, 1951, as amended in 1953, be transmitted to the District Court of Dallas County, Texas, for appropriate action to *enfore* the duty of Support."

On January 24, 1957 certified copies of appellee's petition and of the judgment of the Indiana Court were filed in the 95th District Court, Dallas County, Texas. Appellant, after being served with a writ of Scire Facias, filed an answer consisting of a plea to the jurisdiction of the 95th District Court and a plea of res judicata.

The 95th District Court overruled both pleas and on July 19, 1957 entered a judgment for the appellee. This judgment orders appellant to pay $25 per week as child support beginning May 20, 1957, the payments to be made to the Juvenile Court of Dallas County, Texas, The judgment further provides that payments so made shall also be credited to amounts due under the child support order of the District Court of Tarrant County, Texas; and that the Juvenile Court of Dallas County, Texas upon request shall make certified quarterly, semi-annual or annual statements to the Clerk of the 17th District Court, Tarrant County, Texas.

It will be observed that the 95th District Court of Dallas County, Texas, did not order appellant to pay the $30 per week which, according to the testimony of plaintiff, in the Indiana proceeding was needed for the support of the three children. The Court ordered appellant to pay only $25 per week, the same amount the Tarrant County Court had already ordered the appellant to pay.

However, it will also be observed that the judgment of the 17th District Court, Tarrant County, Texas and the judgment of the 95th District Court of Dallas County, Texas differ in certain particulars. The 17th District Court, Tarrant County, entered its child support order at the time it granted the parties a divorce on December 3, 1953; the 95th District Court, Dallas County, entered its child support order in a separate proceeding more than three years later on July 19, 1957. The 17th District Court directed the appellant to begin his weekly payments on December 7, 1953; the 95th District Court directed the appellant to begin his weekly payments May 20, 1957. The 17th District Court's order directed the appellant to make his payments to the Collector of Child Support of Tarrant County, Texas; the 95th District Court's order directed the appellant to make his payments to the Juvenile Court, Dallas County, Texas.

Appellant briefs two points on appeal. He asserts (1) that the 95th District Court had no jurisdiction under the Reciprocal Support of Dependant's Act, Arts. 2328b–1, 2328b–2 and 2328b–3, V.A.C.S., to enter a judgment ordering the appellant to pay child support when there was a prior judgment by another District Court of Texas which involved the same parties and adjudicated the same matter; (2) the matters passed on by the 95th District Court were ·res judicata.

▮ Since appellant so far as the records show has continued to reside in the State of Texas we believe that the laws of Texas as Responding State are to be applied in this case. State of California v. Copus, Cal., 309 S.W.2d 227; Rosenberg v. Rosenberg, 152 Me. 161, 125 A.2d 863; Daly v. Daly, 21 N.J. 599, 123 A.2d 3.

In our opinion appellant's plea to the jurisdiction is well taken. Appellee's suit in the 95th District Court, Dallas County, sought to have an order entered requiring appellant to pay $30 per week as child support. Thus in effect she asked the 95th District Court, Dallas County, to amend, modify, or change the earlier order of the 17th District Court, Tarrant County, which order directed the appellant to pay $25 per week child support. Our Supreme Court has held that only the Court which entered the original divorce decree and support order has jurisdiction to amend, modify or change the support order. Ex parte Goldsmith, Tex., 290 S.W.2d 502; Youngblood v. Youngblood, Tex.Civ.App., 163 S.W.2d 731. The application of the rule is not affected by the fact that the Dallas Court did not award appellee the $30 per week for which she asked, but entered an order for only $25 per week the same amount ordered by the District Court in Tarrant County.

Our Supreme Court has also held that the only remedy for enforcing a child support order lies in a civil contempt proceeding. Burger v. Burger, Tex., 298 S.W.2d 119; Guercia v. Guercia, 150 Tex. 418, 241 S.W.2d 297. A corollary to the above holding is another holding by our Supreme Court that a child support order does not create a debt within the meaning of Sec. 18, Art. 1 of our Constitution, Vernon's Ann.St. which prohibits imprisonment for debt. Ex parte Birkhead, 127 Tex. 556, 95 S.W.2d 953.

Appellant in this case might well find himself hopelessly impaled on the horns of a dilemma if the order of the Dallas Court is permitted to stand. If he were to pay the $25 per week to the Collector of Child Support of Tarrant County, as ordered by the Tarrant County Court he could be held in contempt by the Dallas Court for his failure to obey its order to make the payments to the Juvenile Court of Dallas County. On the other hand if he were to make the payments to the Juvenile Court of Dallas County, he could be held in contempt by the Court in Tarrant County for disobeying its order. Further, what would be the situation if one court should alter, amend or change the amount of the child support to be paid while the other Court made no corresponding change in its order?

We think that only the 17th District Court, Tarrant County, Texas has jurisdiction to change, alter or amend the child support order of December 3, 1953, and that the appellee's petition for a change in the existing child support order, or for enforcement of the order as it now stands should be addressed to the 17th District Court, Tarrant County, not the 95th District Court, Dallas County, Texas.

Appellant's point No. one, in regard to its plea to the jurisdiction, is sustained. The order of the 95th District Court, Dallas County, Texas is reversed and judgment is here rendered dismissing appellee's petition.

Reversed and rendered.