

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

January 20, 1960

Mr. John H. Winters                    Opinion No. WW-784
Commissioner
Department of Public Welfare    Re: Questions arising under
Tribune Building                       the Uniform Reciprocal
Austin 14, Texas                       Enforcement of Support
                                       Act (Art. 2328b, Vernon's
Dear Mr. Winters:                      Civil Statutes).

        You have requested our opinion with regard to cer-
tain problems arising under the Uniform Reciprocal Enforcement
of Support Act (Articles 2328b-1, 2328b-2, 2328b-3, Vernon's
Civil Statutes).

        The questions you ask are as follows:

        Question No. 1.

        "The question comes up, for example, in rela-
tion to the Laws of the State of California and the
State of Indiana which in some circumstances require
the father of a child born out of wedlock to contrib-
ute to the support of the said child, while there is
no such requirement in the State of Texas; therefore,
if a Certificate of a Court of competent jurisdiction
in California or Indiana is forwarded to a Court in
the State of Texas based upon a Petition stating that
a child is illegitimate and forwarded to a County in
this State for enforcement against a Respondent re-
siding in said County in Texas, must the juvenile Court
of the Texas County enter an order for support against
the Respondent?"

        Question No. 2.

        "Therefore, where a Petitioner who was divorced
in a Texas County, now resides in Connecticut and for-
wards an action under the Uniform Support Act for
enforcement against a Respondent residing in the Texas
County, does the existing child support order take
precedent over the Reciprocal Support Action?"

        Question No. 3.

        "Further, must the Responding Court in the Texas
County, dismiss the Reciprocal Support case since the
original divorce court has not surrendered jurisdiction

as to support questions if the obligor is a
resident of any county in Texas?"

Your request goes into a rather detailed discussion
of Freeland v. Freeland, 313 S.W. 2d 943 (Tex.Civ.App. 1958,
no writ history) and State of California, Department of Mental
Hygiene v. Copus, ___ Tex. ___, 309 S.W. 2d 227 (1958) and con-
cludes that the holdings in these cases are determinative of
the answers to your questions and that these holdings neces-
sarily thwart the Uniform Reciprocal Enforcement of Support
Act.

In the case of Freeland v. Freeland, supra, the Dal-
las Court of Civil Appeals had before it a case which was
brought under the Uniform Reciprocal Enforcement of Support
Act and was predicated upon the following facts:  The Freelands
were divorced by a Tarrant County District Court, and the de-
cree awarded custody of the children to the mother and ordered
the father to make monthly child support payments to the Col-
lector of Child Support of Tarrant County.  The mother and
children later moved to and became residents of Indiana, where,
upon the failure of the father to make the child support pay-
ments, a petition was filed in an Indiana Court in accordance
with and pursuant to the Uniform Reciprocal Enforcement of
Support Act.  During the interim after the divorce the father
had moved to Dallas County, and the Indiana Court forwarded
the petition and certificate to a Dallas County District Court.
Thereafter the Dallas County District Court ordered the father
to make monthly child support payments to the Dallas County
Juvenile Court, such payments to be credited against the amount
due under the Tarrant County District Court order.

As the situation stood at this point, the father was
faced with a contempt charge in the Dallas County District
Court if he obeyed the Tarrant County District Court order and
was amenable to a similar action in the Tarrant County Dis-
trict Court if he obeyed the Dallas County District Court
order.

At page 945 of the opinion the Court made the fol-
lowing statement:

"Since appellant so far as the records show
has continued to reside in the State of Texas we
believe that the laws of Texas as Responding State
are to be applied in this case.  State of California
v. Copus, Cal., 309 S.W. 2d 227; Rosenberg v. Rosen-
berg, 152 Me. 161, 125 A.2d 863; Daly v. Daly, 21
N.J. 599, 123 A.2d 3."

The Court of Civil Appeals then proceeded to set aside the order of the Dallas County District Court, holding that the Tarrant County District Court, as the Court entering the original divorce decree and support order, was the only Court with jurisdiction to amend, modify or change the support order. Citing: Ex parte Goldsmith, 155 Tex. 605, 290 S.W. 2d 502 (1956); Youngblood v. Youngblood, 163 S.W. 2d 731 (Tex.Civ.App. 1942, no writ history). The Court of Civil Appeals further stated that the only method for enforcing child support orders is a civil contempt proceeding. Citing: Burger v. Burger, 156 Tex. 584, 298 S.W. 2d 119 (1957); Guercia v. Guercia, 239 S.W. 2d 169 (Tex.Civ.App. 1951, ref. n.r.e.).

In order to understand the holding in the Freeland case and the effect of the quotation from page 945 of the opinion upon the Uniform Reciprocal Enforcement of Support Act, we feel that it is necessary to point out several salient points of Texas law regarding the duty of support and the enforcement of support orders prior to the adoption of the Uniform Act in Texas.

The duty of support is always a question of substantive law, and the Texas courts have long held that the duty of the father to support his minor children is a continuing duty even though there is a valid divorce decree awarding the custody of the children to the mother. Gully v. Gully, 111 Tex. 233, 231, S.W. 97, 15 A.L.R. 564 (1921); Freeman v. State, 103 Tex.Crim.Rep. 428, 280 S.W. 1069 (1926); Hooks v. Hooks, 139 S.W. 2d 305 (Tex.Civ.App. 1940, no writ history).

Although the father's continuing duty of support was recognized by the courts, no process existed to compel the fulfillment of this duty by the payment of monthly sums for the support of minor children. Ex parte Ellis, 37 Tex.Crim.Rep. 539, 40 S.W. 275 (1897).

Excluding an action against the father for reimbursement for the value of necessities furnished to his minor children, the courts of this State consistently held that no direct civil action for the enforcement of the duty of support is maintainable unless authorized by the statutes pertaining to divorce. Cunningham v. Cunningham, 120 Tex. 291, 40 S.W. 2d 46, 75 A.L.R. 1305 (1931); Ex parte Taylor, 137 Tex. 505, 155 S.W. 2d 358 (1941); Garza v. Garza, 209 S.W. 2d 1012 (Tex. Civ.App. 1948, no writ history); Echols v. Echols, 168 S.W. 2d 282 (Tex.Civ.App. 1943, error ref. w.o.m.).

By enactment of Article 4639a of Vernon's Civil

Statutes, the District Courts of Texas, in conjunction with a divorce decree, were authorized to enter an order requiring a parent to make monthly payments for the support of minor children under eighteen (18) years and to enforce obedience of such support orders by civil contempt proceedings. Johns v. Johns, 172 S.W. 2d 770 (Tex.Civ.App. 1942, no writ history).

Where a support order has been entered in conjunction with a divorce decree and the parent who is ordered thereby to make support payments has defaulted in making such payments, the only remedy available to enforce the order is a civil contempt proceeding against the defaulting parent, there being no other remedy provided by the civil statutes. Burger v. Burger, supra; McDonald v. Mercantile National Bank, 162 S.W. 2d 991 (Tex.Civ.App. 1942, no writ history); Youngblood v. Youngblood, supra; Grubbs v. Grubbs, 164 S.W. 2d 216 (Tex. Civ.App. 1942, no writ history). Any contempt proceeding for the enforcement of a support order is ancillary to the original order and exclusive jurisdiction to enforce it remains with the Court that entered the original order, one Court being without authority to punish contempts of another Court. Ex parte Gonzalez, 111 Tex. 399, 238 S.W. 635 (1922); Putty v. Faulkner, 214 S.W. 2d 831 (Tex.Civ.App. 1948, no writ history); Hunt v. Boyd, 193 S.W. 2d 970 (Tex.Civ.App. 1946, no writ history); Johns v. Johns, 172 S.W. 2d 770 (Tex.Civ.App. 1943, no writ history).

The Courts are in complete agreement in stating that since a support order is of an interlocutory nature, only the original District Court has jurisdiction to amend, change or modify it. Ex parte Goldsmith, 155 Tex. 605, 290 S.W. 2d, 502 (1956); Ex parte Roberts, 139 Tex. 644, 165 S.W. 2d 83 (1942); Armstrong v. Armstrong. 295 S.W. 2d 542 (Tex.Civ.App. 1956, no writ history); See Johns v. Johns, supra.

In light of the foregoing authorities, we can readily see that the Court in the Freeland case did indeed reach its results by the application of Texas law, but it was procedural law relative to the enforcement of a pre-existing order of a Texas Court, not substantive law determinative of the duty of support. In matters of procedure, the law of the forum governs regardless of whether the action was brought under the Uniform Reciprocal Enforcement of Support Act or not.

Therefore, the following statement of the Court at page 945 of the Freeland case is misleading, for without careful consideration, it will lead one to believe that it refers

to the application of the substantive law determinative of the duty of support.

> "Since appellant so far as the records show has continued to reside in the State of Texas we believe that the laws of Texas as Responding State are to be applied in this case. State of California v. Copus, Cal., 309 S.W. 2d 227; Rosenberg v. Rosenberg, 152 Me. 161, 125 A. 2d 863; Daly v. Daly, 21 N.J. 599, 123 A. 2d 3."

However, a careful consideration of what the Court actually did in reaching its decision in the Freeland case will show that this statement is not authority for the contention that Texas substantive law is to be applied in determining the duty of support in a proceeding under the Uniform Reciprocal Enforcement of Support Act where Texas is acting as the Responding State. The authorities cited by the Court as supporting the statement would in no way compel that such a conclusion be reached. State of California v. Copus, supra, was not brought under the Uniform Reciprocal Enforcement of Support Act and involved an entirely different question. Both Rosenberg v. Rosenberg, supra and Daly v. Daly, supra, did involve the Uniform Reciprocal Enforcement of Support Act and do hold that the substantive law of the forum determines the duty of support, but both Maine and New Jersey have amended Section 7 of their Act so that the law of the Responding State is the only law that can ever apply. As amended it reads:

> "Duties of support applicable under this law are those imposed or imposable under the laws of any state where the obligor was present during the period for which support is sought. The obligor is presumed to have been present in the responding state during the period for which support is sought until otherwise shown."

Section 7 of the Texas Act is not so restrictive.

Let us again emphasize that the Copus case, supra, as the Court points out, was not an action brought under the Uniform Reciprocal Enforcement of Support Act. It was an action wherein the State of California sought reimbursement from Copus for money expended for the support and maintenance of his mother, pursuant to a California statute which imposed liability upon an adult child for the maintenance of the parent in a State institution; Copus was a resident of California at the time his mother entered the California institution, but sometime later he moved to and became a resident of the State of Texas. The Supreme Court of Texas allowed reimbursement to

the State of California for support and maintenance which accrued prior to Copus' departure from the State of California, but declined to give extra-territorial effect to a statute of a sister state by allowing it to impose liability, solely of itself, after the time Copus left California and became a Texas resident. Therefore, the statement by the Court that Texas law would be applied to determine the liability of Copus after he came to Texas would not be authoritative in a case involving the Uniform Reciprocal Enforcement of Support Act.

Had the Copus case, supra, been initiated under and forwarded pursuant to the provisions of the Uniform Reciprocal Enforcement of Support Act, Section 7 of Article 2328b-3 would have required the Court to allow reimbursement for the support of the mother even after Copus became a citizen of Texas. Section 7 of Article 2328b-3 allows the obligee to choose the substantive law that is to be determinative of the duty of support. Section 7 of Article 2328b-3 reads as follows:

"Duties of support enforceable under this law are those imposed or imposable under the laws of any state where the alleged obligor was present during the period for which support is sought or where the obligee was present when the failure to support commenced, at the election of the obligee, but shall not include alimony for a former wife." (Emphasis ours).

This language makes it clear that had the Uniform Reciprocal Enforcement of Support Act been complied with, the Texas Court would have been compelled to look to the law of California and recognize and enforce the duty of support "imposed or imposable" under the California statute, if that was what the obligee elected.

Passing now to the consideration of your first question, we note that you make reference to the "Juvenile Court" as having jurisdiction of support proceedings, consequently, we will first state that you are mistaken as to the Court having jurisdiction of proceedings under the Uniform Reciprocal Enforcement of Support Act. Section 9 of Article 2328b-3, Vernon's Texas Civil Statutes, vests jurisdiction in the District Court:

"All duties of support are enforceable by petition irrespective of relationship between the obligor and obligee. Jurisdiction of all proceedings hereunder shall be vested in the district court." (Emphasis ours).

Mr. John H. Winters, page 7 (WW-784)

As we have hereinabove pointed out in discussing the <u>Copus</u> case, Secion 7 of Article 2328b-3 allows the obligee to request that the duty of support to be imposed by the Responding State be that duty imposed or imposable <u>"where the obligee was present when the failure to support commenced"</u>.

Therefore, upon proper petition and certification to a Texas District Court that the Defendant is the father of an illegitimate child and that under the laws of the initiating State said Defendant owes a duty of support <u>by reason of the presence of the obligee in the Initiating State when the failure to support commenced</u>, the Texas District Court, as the Responding State, must enter an order of support even though Texas law imposes no duty of support upon the father of an illegitimate child. Consequently, your first question is answered in the affirmative.

Before answering your second question, we feel that the facts presented therein require some comment by way of clarifying the basis for our answer.

We must assume that the "Reciprocal Support Action" referred to in your second question was forwarded to a District Court in Texas other than the District Court which entered the original divorce decree and support order. Otherwise, there would be no question of conflict of jurisdiction or precedence since a request in a "Reciprocal Support Action" that a Texas District Court enforce its own support order would be in perfect accord with authorities we have set forth above.

Since the Texas District Court to which the "Reciprocal Support Action" was forwarded did not enter the original divorce decree and support order, it has no authority to change the order; it has no authority to enforce the original order by contempt proceedings; and it has no authority to enter a new order of support of its own. This is precisely the situation which existed in <u>Freeland v. Freeland, supra</u>, and since, in our opinion, this case reaches the right result, we hold that the existing order takes precedence over the "Reciprocal Support Action" and we therefore, answer your second question in the affirmative.

Your third question is phrased in such a manner as would have us predicate our answer upon the residence of the obligor or defendant. On the contrary, the residence of the obligor or defendant is of no consequence. As long as the defendant resides within the boundaries of the State of Texas, a District Court can hold him in contempt of its own order,

for the jurisdiction of our District Courts coincides with the State boundaries. However, assuming, as we did in answering your second question, that the "Reciprocal Support Action" was forwarded to a District Court in Texas other than the District Court which entered the original divorce decree and support order, then in conformity with our answer to your second question and for the same reasons stated therein, we hold that the Responding Court must dismiss the "Reciprocal Support Action" and consequently, your third question is also answered in the affirmative.

## S U M M A R Y

In a proceeding under the Uniform Reciprocal Enforcement of Support Act (Articles 2328b-1, 2328b-2, 2328b-3, Vernon's Texas Civil Statutes), Texas, when acting as the Responding State, must recognize and enforce the duty of a father to support his illegitimate children where such duty is imposed or imposable under the laws of the Initiating State; where one Texas District Court has entered a divorce decree and support order, no other Texas District Court has the authority to alter or enforce such support order and even though it may be acting as the Responding Court under the Uniform Reciprocal Enforcement of Support Act, it must dismiss the action seeking to enforce the existing support order.

Yours very truly,

WILL WILSON
Attorney General of Texas

By W. O. Shultz
W. O. Shultz
Assistant

WOS:mg

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Henry G. Braswell
Marvin H. Brown, Jr.
Thomas Burrus
John C. Steinberger
REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore