

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

Affirmed by *WW 1431*

March 21, 1961

Miss Edna Cisneros
County Attorney
Willacy County
Raymondville, Texas

Opinion No. WW-1023

Re: Jurisdiction of County Court to enter order for support, Pendente Lite, pursuant to Art. 604 V.P.C., when there is a District Court order for support.

Dear Miss Cisneros:

You have asked the following questions:

"1.  Does the County Court have jurisdiction to enter an order for support, pendente lite, after the filing of a complaint against a defendant for the crime of child desertion when the complainant and defendant are divorced in a Texas District Court and the Court has entered an order for support?

"2.  Is an order of the County Court for support, pendente lite, still valid and subject to enforcement by contempt proceedings in the criminal case when the parties, after the filing of the criminal complaint, have been divorced and an order for support entered (whether for the same or a different amount) in a Texas District Court?"

Article 604 of the Penal Code provides for an allowance for support pending the trial of a case for the crime of wife or child desertion:

"The Court during its terms, or Judge thereof in vacation after the filing of complaint against or after the return of indictment of any person for the crime of wife, or of child, or of wife and child desertion shall upon application of the complainant give notice to the defendant of such application and may upon hearing thereof enter such temporary orders as may seem just, providing for the support of deserted wives and children or both, pendente lite, and may punish for the violation or refusal to obey such order as for contempt."

When a person is charged with violation of Art. 602 or 602-A of the Penal Code, the trial for such offense of desertion will sometimes not be held for several months and questions have arisen as to whether the Court in which the criminal case has been filed has jurisdiction, pursuant to

Art. 604 to enter an order for the support of such children, pendente lite, when there is already an order for support in a sum certain in a Texas District Court where the complainant and the defendant in the criminal case were divorced, or whether an order issued pursuant to Art. 604 will deny the divorce court jurisdiction to enter an order for support pursuant to Article 4639a of Vernon's Civil Statutes, as amended.

By enactment of Article 4639a the District Courts, in conjunction with a divorce decree, were authorized to enter an order requiring a parent to make monthly payments for the support of minor children sixteen (16) years (later changed to eighteen (18) years by the 1953 amendment) and to enforce obedience of such support orders by civil contempt proceedings. Johns v. Johns, 172 S.W.2d 770 (Civ. App. 1942).

Where a support order has been entered in conjunction with a divorce decree and the parent who is ordered thereby to make support payments has defaulted in making such payments, the only remedy available to enforce the order is a civil contempt proceeding against the defaulting parent, there being no other remedy provided by the civil statutes. Burger v. Burger, 156 Tex. 584, 298 S.W.2d 119 (1957); McDonald v. Mercantile National Bank, 162 S.W.2d 991 (Civ. App. 1942); Youngblood v. Youngblood, 163 S.W.2d 731 (Civ. App. 1942); Grubbs v. Grubbs, 164 S.W.2d 216 (Civ. App. 1942). Any contempt proceeding for the enforcement of a support order is ancillary to the original order and exclusive jurisdiction to enforce it remains with the Court that entered the original order, one Court being without authority to punish contempts of another Court. Ex parte Gonzalez, 111 Tex. 399, 238 S.W. 635 (1922); Putty v. Faulkner, 214 S.W.2d 831 (Civ. App. 1948); Hunt v. Boyd, 193 S.W.2d 970 (Civ. App. 1946); Johns v. Johns, supra.

The Courts are in complete agreement in stating that since a support order is of an interlocutory nature, only the original District Court has jurisdiction to amend, change or modify it. Ex parte Goldsmith, 155 Tex. 605, 290 S.W.2d 502 (1956); Ex parte Roberts, 139 Tex. 644, 165 S.W.2d 83 (1942); Armstrong v. Armstrong, 295 S.W.2d 542 (Civ. App. 1956); Johns v. Johns, supra.

Art. 604 was last amended in 1931. Article 4639a was enacted in almost its present form in 1935. Section 2 of said Article, as passed in 1935, reads as follows:

> "Sec. 2. This Act shall be cumulative of all other laws upon the same subject, and is not intended to repeal any other laws upon the subject of the care or support of such minors."

This would tend to indicate that the legislature did not wish to repeal conflicting laws. However, in 1953, Section 1 of Article 4639a, was amended by Acts 1953, R.S. 53rd Leg. ch. 127, p. 439. Section 2 of the amendatory Act of 1953 repealed conflicting laws or parts of laws to the extent of any conflict.

In 1953 the Legislature showed its intent to repeal all laws in conflict with Art. 4639a.  As a result of the repealing clause in the 1953 amendment of Art. 4639a, Article 604 was repealed in so far as it conflicted with Art. 4639a in granting jurisdiction to enter support orders where a divorce suit is pending and the divorce court has taken jurisdiction and entered an order for support under Art. 4639a.

We answer both of your questions in the negative.

### S U M M A R Y

1.  The County Court does not have jurisdiction to enter an order for support, pendente lite, after the filing of a complaint against a defendant for the crime of child desertion when the complainant and defendant are divorced in a Texas District Court and that Court has entered an order for support.

2.  An order of the County Court for support, pendente lite, is not valid and subject to enforcement by contempt proceedings in the criminal case when the parties, after the filing of the criminal complaint, have been divorced and an order for support entered (whether for the same or a different amount) in a Texas District Court.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *Cecil Cammack*

Cecil Cammack, Jr.
Assistant Attorney General

CC:br

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

John Reeves
Jack Price
Sam Ray Wilson

REVIEWED FOR THE ATTORNEY GENERAL
By:  Morgan Nesbitt