## Case No. 8,898.

### McLEOD v. DUNCAN.

[5 McLean, 342.] [1]

Circuit Court, D. Michigan. June Term, 1852.

REMOVAL OF CAUSES—ON CERTIFICATE—VALIDITY OF PROCEEDINGS PRECEDING REMOVAL—INJUNCTION.

1. Where a case has been certified from a state court to the circuit court, under the 12th

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

section of the judiciary act of 1789 [1 Stat. 79], the case stands as though the suit had been originally commenced in the circuit court.

[Cited in Moynahan v. Wilson. Case No. 9,-897: Woolridge v. M'Kenna, 8 Fed. 657.]

[Cited in Rigg v. Parsons, 2 S. E. 83.]

2. An injunction allowed before the filing of the bill, in the state court, necessarily falls, as the circuit court cannot punish for a contempt of that court.

[Cited in Hatch v. Chicago, R. I. & P. R. Co.. Case No. 6,204.]

3. A motion for an attachment, for a violation of the injunction in the state court, cannot be allowed; nor a motion to dissolve the injunction, as it necessarily falls by the removal of the case.

[Cited in Hatch v. Chicago, R. I. & P. R. Co.. Case No. 6,204; Northwestern Distilling Co. v. Corse, Id. 10,335.]

4. An motion for an injunction may be heard on the face of the bill, in this court, the same as if it had been originally filed here.

[This was an action by John R. McLeod against Jeremiah W. Duncan. Heard on motions for an attachment and to dissolve an injunction.]

Mr. Backus, for plaintiff.

Howard & Chickering, for defendant.

OPINION OF THE COURT. This case was certified from the state court, under the act of congress. It was a bill in chancery on which an injunction had been allowed and issued. A motion was made to dissolve the injunction by the defendant, and also a motion by the plaintiff, for an attachment against the defendant, for a violation of the injunction.

The 12th section of the judiciary act of 1789, under which this case has been brought from the state court, provides, "that if a suit be commenced in any state court against an alien, or by a citizen of the state in which the suit is brought against a citizen of another state, and the matter in dispute exceeds the aforesaid sum or value of five hundred dollars, exclusive of costs, to be made to appear to the satisfaction of the court; and the defendant shall, at the time of entering his appearance in such state court, file a petition for the removal of the cause for trial into the next circuit court, to be held in the district where the suit is pending, &c., and offer good and sufficient security for his entering in such court, on the first day of its session, copies of said process against him, and also for his there appearing and entering special bail in the cause, if special bail was originally requisite therein, it shall then be the duty of the state court to accept the surety, and proceed no further in the cause, and any bail that may have been originally taken shall be discharged, and the said copies being entered as aforesaid, in such court of the United States, the cause shall there proceed in the same manner, as if it had been brought there by original process. And any attachment of the goods or estate of the defendant by the original process shall hold the goods or estate so attached to an-

swer the final judgment in the same manner as by the laws of such state, they would have been holden to answer final judgment, had it been rendered by the court in which the suit was commenced."

This, I presume, is the first case removed from a state court, where an injunction had been issued by the state court, and motions similar to those now submitted have been made in the circuit court. At least no reported case has been cited, and we have no recollection of such a case. In the circuit court, a case thus removed from the state court, the law seems to have contemplated no other process as having been issued, except the original process which brought the defendant into court. The attachment provided for, is in reference to the mode of original process in a suit, through which an appearance of the defendant is procured. The property attached, is to remain bound, the same as if the cause had been continued in the state court.

It seems to us that a disobedience of the injunction being a contempt of the state court, can only be punished by that court. The statute does not contemplate the enforcement of any order by the state court, as the petition for a removal of the cause, is to be filed on the appearance of the defendant. On the requisites of the statute being complied with, it is made the duty of the state court to certify the case. An injunction having been allowed before the bill is filed, is not embraced in the act. As this court cannot punish for a contempt of a state court, the motion for an attachment must be overruled. And we suppose that by the removal, the injunction must fall, so that the motion to dissolve is unnecessary.

A motion to grant an injunction, on the face of the bill, as it now stands before this court, would be proper; and this obviates all hardship in the case. In this court the case stands as if the bill had been originally filed here, and the defendant having been served with process, is subject to the order of the court. The motions, therefore, for an attachment, and to dissolve the injunction, are overruled.