William F. CARLSON, Jr., Relator,

v.

Honorable Byron JOHNSON, District Judge, Respondent.

No. 13556.

Court of Civil Appeals of Texas.

Houston.

Oct. 8, 1959.

Ellis F. Morris, Cesare J. Galli, Jr., Houston, for relator.

Albert P. Jones, Houston, for respondent.

BELL, Chief Justice.

This is an original proceeding in this Court, wherein relator seeks a writ of mandamus against the Honorable Byron Johnson, Judge of the 80th District Court of Harris County, Texas.

The petition filed by relator, on leave granted, alleges that on July 31, 1953, a final judgment was rendered in the cause of Lorraine N. Carlson v. William F. Carlson, No. 414,874 in the 80th District Court. The certified copy of the judgment furnished as a part of the application shows that Lorraine N. Carlson was granted a divorce from William F. Carlson. The custody of the minor child was granted Mrs. Carlson and Mr. Carlson was given certain visitation rights. Mr. Carlson was directed to make certain support payments. The petition then alleges that on September 29, 1959, Mr. Carlson filed a motion in the 80th District Court, by which he charged that Mrs. Carlson had failed and refused to comply with the judgment, and asked that Mrs. Carlson be cited to appear and show cause why she should not be held in contempt. It is then alleged that respondent was requested to fix a date for hearing and order the issuance of notice to Mrs. Carlson, but that respondent refused to do so. Instead of fixing a date for hearing, the respondent entered an order purportedly transferring the case to the Court of Domestic Relations No. 2 of Harris County.

Relator takes the position that the acts alleged to constitute contempt having occurred before the case was transferred, only the 80th District Court has jurisdiction to hear the motion charging contempt for violating its judgment.

The respondent takes the position that the Act of the Legislature creating said Court of Domestic Relations authorizes the transfer by any District Court of Harris County of any case involving domestic relations to said Domestic Relations Court and authorizes such Court to hear such causes as are transferred.

The 56th Legislature passed an act creating two Domestic Relations Courts for

Harris County. Acts 56th Legislature 1959, Ch. 242, p. 540. The courts were designated Domestic Relations Court No. 2 and Domestic Relations Court No. 3. The Act vested these courts with jurisdiction, among other things, to hear and determine divorce, child custody and support cases. Actually the Act in effect gave these two courts concurrent jurisdiction with the District Courts of domestic relations matters. Section 4 of the Act provides that the District Courts may transfer any and all such cases pending in such courts to either or both of the Domestic Relations Courts including all filed papers and certified copies of any orders theretofore entered in such cases.

■ We have reached the conclusion that under the facts of this case the respondent had no authority to transfer the case to the Domestic Relations Court No. 2 for that Court to hear the motion for contempt, but respondent should have fixed a date for hearing the motion and ordered the issuance of the requisite notice to Mrs. Carlson.

We find this case indistinguishable from Ex parte Gonzalez, 111 Tex. 399, 238 S.W. 635, 636, which was decided by our Supreme Court. We fail to find where such decision has since been departed from. In the Gonzalez case the 65th District Court of El Paso County had, in connection with a divorce proceeding, enjoined relator from disposing of his property pending final trial of the case. The temporary injunction issued in May, 1921. In July of that year relator sold some property in violation of the injunction. On October 24, 1921, the judge of the 65th District Court, pursuant to the authority conferred by Article 30, Subd. 34, Vernon's Revised Statutes, 1918 Supplement, transferred the case to the 41st District Court of El Paso County. The day after the transfer the wife of relator filed an affidavit in the 41st District Court charging violation of the injunction by reason of the sale of the property in July. Relator was held in contempt and sentenced to three days in jail. In an original proceeding in the Supreme Court he sought his discharge, contending the 41st District Court had no jurisdiction. The Court sustained his position and ordered his discharge. The Court said:

"The Sixty-Fifth and Forty-First district courts of El Paso county are separate and distinct courts. The jurisdiction of each is plenary and exclusive as to cases filed therein, until a transfer is made in accordance with the statute. Neither court is the agency of the other for the purpose of inflicting punishment, or for any other purpose. The power to punish for contempt, whether expressly conferred by some positive enactment or regarded as incident to jurisdiction conferred upon the court, exists for the purpose of enabling it to compel due decorum and respect in its presence, and due obedience to its judgments, orders, and process. 6 Ruling Case Law, page 520. Hence one court in no case is authorized to punish contempts of another court. This rule is elementary. * * *

"The statutes of this state are clearly consistent with this rule. By the terms of Revised Statutes, article 1708, 'the district court' has power to punish any person 'guilty of contempt of such court.' There is nothing in Revised Statutes, articles 4668, 4669, and 4670, relating to the punishment of persons guilty of violating an injunction, which indicates that any court other than that in which the injunction suit is pending when the violation occurs has authority to punish therefor. On the contrary, construing and interpreting these articles with article 1708, we think it clear that the punishment provided for is intended to be inflicted by the court in which the injunction proceedings are pending at the time of the violation of the injunction."

The basis of the holding is that the acts constituting the contempt were committed before the transfer and while the case was pending in the 65th District Court and the contemptuous acts were against the latter Court, and it must hear the contempt action.

■ Respondent relies on certain language by our Supreme Court in Ex parte Goldsmith, 155 Tex. 605, 290 S.W.2d 502, 503, to support his action. The Court there had before it the question as to the validity of a judgment rendered in the 151st District Court of Harris County in an independent suit filed in the 133rd District Court of Harris County, which sought modification of a judgment for child support that had been rendered in a divorce suit by the 61st District Court of Harris County. The Court held that the judgment for child support could not be changed by an independent suit but must be changed by further proceeding in the original cause granting the divorce. A reading of the cases cited in support of the holding will reflect that the reason for the rule is that child support, other than in the situation covered by Article 4639b, V.A.T.S., can be fixed only as an incident to a divorce proceeding and under Article 4639a the Court granting the divorce and fixing child support in the the judgment retains exclusive jurisdiction to change the judgment with regard to child support.

In the course of the opinion the Court used this language:

"The original divorce decree and support order having been entered by the 61st District Court, that court only had jurisdiction to amend, modify, or change the support order. No other district court has power except upon a proceeding originally filed in the 61st District Court in the original suit * * *, and by virtue of a valid and legal transfer order."

Respondent says that in the case before us he followed this procedure, that is, in the original suit, in the 80th District Court, Mr. Carlson filed his motion for contempt and thereafter respondent, pursuant to the authority of Section 4 of the Act creating Domestic Relations Court No. 2, transferred the case for hearing of the motion for contempt.

■ We deem the language used inapplicable to a proceeding for contempt. Acts in violation of a court's judgment are an affront to and in defiance of the court where the judgment is pending when the acts occur. The power to punish for contempt exists for the purpose of enabling a court to compel due decorum and respect in its presence, and due obedience to its judgments, orders and process. This purpose would not be well served if punishment came from another court when the acts constituting the contempt occurred when the case remained in the court which had entered the judgment or order violated.

Neither do we find the case of Guercia v. Guercia, Tex.Civ.App., 239 S.W.2d 169, writ ref., n.r.e., applicable. That was a case where it was held Texas courts would enforce by contempt proceedings the judgment of an Ohio court fixing child support without the foreign judgment being reduced to a domestic one. The Court of Civil Appeals expressly noticed the case of Ex parte Gonzalez and approved the rule where enforcement of a judgment of a court of this State was involved.

The relator is entitled to a hearing in the 80th District Court. Respondent has made known to the Court that should we entertain the view he is in error in his view of the law he will grant relator a hearing. In the light of this, it will be unnecessary for the Clerk to issue the writ, though the writ will issue should it become necessary.