Joyce Laverne **TAYLOR**, Appellant,

v.

Peter G. **TAYLOR**, Appellee.

No. 13712.

Court of Civil Appeals of Texas.

Houston.

June 22, 1961.

Baker & Branch, Bettye J. Lambert, Houston, for appellant.

Cash & Sherman, Charles H. Sherman, Jr., Houston, for appellee.

COLEMAN, Justice.

Appellee, Peter G. Taylor, filed a "Motion" seeking to have appellant, Joyce Laverne Taylor, held in contempt of court by reason of her alleged failure to comply with certain provisions of a judgment rendered in a previous divorce suit relating to the possession of their minor child. The divorce judgment had been rendered by the Court of Domestic Relations of Harris County, the court in which the "Motion for Contempt" was filed. In the same "Motion" appellee alleged generally that changed circumstances and the best interests of the minor child "require that the respondent be deprived of the custody and possession thereof, and that such custody and possession be placed with this relator." Appellee further prayed for certain injunctive relief against appellant. Appellant filed her plea of privilege and subject thereto an answer including a cross-action for change in the child custody portion of the divorce judgment.

At the trial appellant introduced testimony that her residence was in the City of Waco, Texas, at all times pertinent to this matter. In his controverting plea appellee admitted that the county of residence of appellant was McLennan County.

The trial court overruled the plea of privilege and this ruling is assigned as error. The assignment must be sustained. While the Court of Domestic Relations of Harris County is the only court which could properly hear the contempt motion, Ex parte Gonzalez, 111 Tex. 399, 238 S.W. 635; Johns v. Johns, Tex.Civ.App., 172 S.W.2d 770, it is well settled that venue in actions for change of custody of minors lies in the county of the residence of the defendant. Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016; Ellington v. Floyd, Tex. Civ.App., 255 S.W.2d 948; Steele v. Steele, Tex.Civ.App., 251 S.W.2d 258.

Although in his "First Amended Motion for Contempt," filed on the same day as the plea of privilege, appellee amended his pleading so as to ask that appellant be deprived of *possession* "for so long as may be determined" by the court rather than "custody and possession" as he had in his original motion, no significant change was made by the amendment. The custody of the child was the issue to be determined. Knollhoff v. Norris, 152 Tex. 231, 256 S.W. 2d 79; Quick v. Lindsay, Tex.Civ.App., 208 S.W.2d 910.

This case is reversed and remanded. The trial court is directed to sever the issue concerning contempt of court and to transfer the matters remaining to the District Court of McLennan County, Texas.