Foy LEONARD

v.

Walker LEONARD.

No. 7157.

Court of Civil Appeals of Texas.

Amarillo.

June 4, 1962.

T. R. Odell, Lubbock, for appellant.

Aldridge & Aldridge, Farwell, for appellee.

DENTON, Chief Justice.

Appellee, Walker Leonard, filed a petition in the District Court of Bailey County seeking to have appellant Foy Leonard held in contempt of court for her alleged failure to comply with the Court's judgment in their previous divorce suit relative to appellee's visitation rights with the parties' minor child. The divorce judgment was entered by the same Bailey County District Court, and appellee filed this motion under the same cause number. Appellee alleged that appellant had refused to allow him to visit with the child in accordance with the terms of the divorce judgment, and prayed that appellant be held in contempt of court. Appellee further alleged that the divorce judgment was "not sufficiently final, definite and certain as to allow him reasonable visitation with such child." Appellee also prayed "That he now prays the Court to make more definite and certain the order and set down specific times, places, dates wherein he can see and visit such child and have such child visit him."

Appellant filed her plea of privilege to be sued in Lubbock County, and subject thereto, filed an answer generally and specifically denying appellee's allegations. By agreement of the parties the trial court heard and considered evidence on both the plea of privilege and appellee's motion without prejudice to the plea of privilege. It is undisputed that at all times pertinent to this case appellant was a resident of Lubbock County. The Court overruled the plea of privilege, and further held that appellee Walker Leonard "have the exclusive society, care and control of such child" during the first week of June and August of each year and on each fourth Saturday afternoon of each month from 1:00 o'clock p. m. until 9:00 o'clock p. m. The judgment found appellant had not allowed appellee to visit with the child, but made no order relative to holding her in contempt. It is from this judgment that appellant duly perfected this appeal.

Appellee takes the position that this suit is one to enforce the original divorce judgment, and that the District Court of Bailey County is the only Court that can enforce its judgment. To support this con-

tention appellee principally relies on Ex Parte Gonzalez, 111 Tex. 399, 238 S.W. 635 and Carlson v. Johnson (Tex.Civ.App.) 327 S.W.2d 704 (no writ history). These cases do hold that the Court granting the divorce is the only Court which can properly hear the contempt motion. However, it is equally well settled that venue in actions for change of custody of minors lies in the county of the residence of the person having legal custody. Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016; Ellington v. Floyd (Tex.Civ.App.) 255 S.W.2d 948 (no writ history); Taylor v. Taylor (Tex.Civ. App.) 348 S.W.2d 226 (no writ history). It is therefore apparent this case must turn on the question of what is the true nature of the case as viewed from appellee's motion and the judgment entered thereon. If the case is one to enforce the original divorce judgment by contempt, venue is properly in Bailey County. On the other hand, if the case is one to attempt to relitigate and readjudicate some feature of the custody of the child, it comes under the holding of Lakey v. McCarroll, supra, and venue would lie in Lubbock County.

 In our opinion a feature of the custody of the child was one of the issues to be determined. Based on the alternative prayer in appellee's motion, the trial court granted appellee " * * * the exclusive society, care and control of such child * * *" for specified periods. This order in effect changes the custody of the minor child to the extent indicated. It is clear this order went beyond the enforcement of the original divorce decree.

Although the facts are different in some respects from those of the instant case, the Dallas Court of Civil Appeals in Glasgow v. Hurley, 333 S.W.2d 658 (no writ history), discusses the distinctions between a change in visitation and a change in custody. Under the facts of the Glasgow case the Dallas Court concluded the parties' pleadings and the Court's judgment had the effect of modifying custody rather than changing visitation rights. We are in agreement with the Court's reasoning and are of the opinion such reasoning is applicable to the instant case. We are therefore of the opinion the trial court erred in overruling appellant's plea of privilege and entering the order relative to the child's custody.

The judgment of the trial court is reversed and remanded with directions that the trial court sever the issue concerning contempt of court and to transfer the remaining matters to the District Court of Lubbock County, Texas.