Dorris O. **HOLLINGSWORTH**, Appellant,

v.

Geraldine **HOLLINGSWORTH**, Appellee.

No. 7945.

Court of Civil Appeals of Texas.

Amarillo.

May 19, 1969.

Huffaker & Green, Tahoka, Harold Green, Tahoka, of counsel, for appellant.

Nelson, McCleskey & Harriger, Lubbock, Geo. W. McCleskey and Teddy L. Hartley, Lubbock, of counsel, for appellee.

NORTHCUTT, Justice.

This is an appeal by Dorris O. Hollingsworth from an order of the trial court sustaining a plea of privilege of his former wife, Geraldine Hollingsworth, to be sued in the county of her residence.

On December 13, 1963, judgment was entered in Cause No. 10,912 in the District Court of Hale County, Texas, granting Geraldine Hollingsworth a divorce from Dorris O. Hollingsworth. Among other matters granted in such divorce, Mrs. Hollingsworth was granted custody of the minor son, Gerald Hollingsworth, for the period which we will hereafter refer to as the nine-month school period. Dorris O. Hollingsworth was granted custody of said minor which we will refer to as the three summer months. The judgment further ordered:

> "It is further the order of this Court that the change in such custody shall not be accomplished at such a time so as to interfere with the schooling of said child, and that said child shall remain in the care and custody of his Mother, Geraldine Hollingsworth for a period of time of one week (seven days) after the close of Gerald Hollingsworth's school in May, and for a period of one week (seven days) immediately preceding the beginning of Gerald Hollingsworth's school year in September of each year, to the end that said child shall be afforded the maximum benefits of attending school. It is further the order of this Court that the responsibility and expense for transporting Gerald Hollingsworth both from and to the custody of Mrs. Geraldine Hollingsworth shall be exclusively upon Dorris O. Hollingsworth."

On June 2, 1968, Gerald Hollingsworth came to Plainview to live with his father for the summer. Gerald was to be returned so as not to interfere with his schooling. The orientation for Gerald in the Houston school was Friday, August 30, 1968, and his school classes began on Tues-

day, September 3, 1968. The father refused to return Gerald to his mother in Houston but enrolled him in school in Plainview.

On September 10, 1968, Mrs. Hollingsworth filed in Cause No. 10,912 her complaint seeking punishment of Mr. Hollingsworth for contempt of court in failing to return Gerald to her as provided in the divorce judgment in Cause No. 10,912 in the District Court of Hale County, Texas. Mr. Hollingsworth filed his answer and cross action in Cause No. 10,912 seeking custody of Gerald. The court granted severance of the custody matter from the contempt proceedings and had it filed as Cause No. 10,912–A. Mrs. Hollingsworth filed in Cause No. 10,912–A her plea of privilege to have the case transferred to Harris County, Texas, the place of her residence. Mr. Hollingsworth filed his controverting plea contending the District Court of Hale County, Texas, had venue of the cause by virtue of Sec. 30, Art. 1995, Vernon's Ann. Revised Civil Statutes. The trial court sustained the plea of privilege and ordered the case transferred to the appropriate District Court of Harris County, Texas. From that order, Mr. Hollingsworth perfected this appeal.

■ The contempt matter will not be further considered as same is not involved herein. Hereafter, Mr. Hollingsworth will be referred to as appellant and Mrs. Hollingsworth as appellee. The sole issue here is, did appellee, by the filing of her complaint seeking to have appellant held in contempt of court, submit to the jurisdiction of Hale County District Court and thereby waive her right to be sued in the county of her residence on the cross action filed by appellant in his answer to her complaint?

■ Under Rule 174, Texas Rules of Civil Procedure, the trial court had the right to enter the order of severance that was entered herein. The contempt proceedings concerns the past actions of the appellant in failing to comply with the

judgment of the district court entered in the divorce proceedings. The judgment in the divorce proceedings was a final judgment, and until that judgment as to the custody was changed, was still in effect. The change of custody would be based upon matters thereafter happening to require or justify the change of custody and would be a new and independent cause of action. The court granting the divorce was the only court to hold appellant guilty of contempt in refusing to comply with its judgment. It is stated in Ex parte Gonzalez, 111 Tex. 399, 238 S.W. 635 as follows:

"The power to punish for contempt, whether expressly conferred by some positive enactment or regarded as incident to jurisdiction conferred upon the court, exists for the purpose of enabling it to compel due decorum and respect in its presence, and due obedience to its judgments, orders, and process. 6 Ruling Case Law, page 520. Hence one court in no case is authorized to punish contempts of another court. This rule is elementary. 6 Ruling Case Law, p. 520; 13 Corpus Juris, p. 52; Kirk v. Milwaukee, etc., Co. (C.C.) 26 F. 501, 506; McLeod v. Duncan, 16 Fed.Cas. p. 298, No. 8898, 5 McLean, 342; Bessette v. W. B. Conkey Co., 194 U.S. 324, 337, 24 S.Ct. 665, 48 L.Ed. 997; Ex parte Bradley, 7 Wall. 364, 19 L.Ed. 214."

See also Carlson v. Johnson, Tex.Civ. App., 327 S.W.2d 704 (n. w. h.) as follows:

"We deem the language used inapplicable to a proceeding for contempt. Acts in violation of a court's judgment are an affront to and in defiance of the court where the judgment is pending when the acts occur. The power to punish for contempt exists for the purpose of enabling a court to compel due decorum and respect in its presence, and due obedience to its judgments, orders and process. This purpose would not be well served if punishment came from another court when the acts constituting the contempt occurred when the case remained

in the court which had entered the judgment or order violated."

When the contempt proceedings were filed, the only issue was whether appellant had violated the judgment of the court in failing to return Gerald to his mother in Houston. Custody was not involved until appellant attempted to inject into the case change of custody. Consequently, the change of custody would be a new matter to be determined in the future and would be no defense to excuse appellant in his refusal to comply with the divorce judgment.

Appellant's action for change of custody was severed and given a separate number and thereby became a separate, new and distinct matter from the contempt proceedings. See the case of Leonard v. Leonard, Tex.Civ.App., 358 S.W.2d 721 and the many cases there cited where it is stated:

"Appellee takes the position that this suit is one to enforce the original divorce judgment, and that the District Court of Bailey County is the only Court that can enforce its judgment. To support this contention appellee principally relies on Ex Parte Gonzalez, 111 Tex. 399, 238 S.W. 635 and Carlson v. Johnson (Tex.Civ.App.) 327 S.W.2d 704 (no writ history). These cases do hold that the Court granting the divorce is the only Court which can properly hear the contempt motion. However, it is equally well settled that venue in actions for change of custody of minors lies in the county of the residence of the person having legal custody. Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016; Ellington v. Floyd (Tex.Civ.App.) 255 S.W.2d 948 (no writ history); Taylor v. Taylor (Tex.Civ.App.) 348 S.W.2d 226 (no writ history). It is therefore apparent this case must turn on the question of what is the true nature of the case as viewed from appellee's motion and the judgment entered thereon. If the case is one to enforce the original divorce judgment by contempt, venue is properly in Bailey County. On the other hand, if the case is one to attempt to relitigate and readjudicate some feature of the custody of the child, it comes under the holding of Lakey v. McCarroll, supra, and venue would lie in Lubbock County."

 We think it has been definitely determined in this state that venue in actions for change of custody of minors lies in the county of the residence of the person having legal custody. Under this record, we overrule appellant's contention that appellee submitted to the jurisdiction of the District Court of Hale County and thereby waived her right to be sued in Harris County, the county of her residence. Judgment of the trial court is affirmed.

JOY, J., not participating.