Larry MEURER, Appellant,

v.

Christine Meurer WHEELER, Appellee.

No. 8457.

Court of Civil Appeals of Texas,
Amarillo.

April 22, 1974.

Rehearing Denied May 20, 1974.

■■■■■■■■■■■■■■■■

———◆———

A. W. Salyars and Joyce M. Hill, Lubbock, for appellant.

Jimmy L. Browning, Breckenridge, for appellee.

REYNOLDS, Justice.

Defendant's plea of privilege in this suit for change of custody of minor children was sustained; the cause was ordered transferred from Lubbock County to Shackelford County. Affirmed.

Previously, plaintiff Larry Meurer and defendant Christine Meurer Wheeler were husband and wife. Upon their divorce in October of 1968, custody of their two minor children was awarded to defendant during the school term of each year and to plaintiff during the summer months. A subsequent change of custody suit initiated by plaintiff in 1972 resulted in a modified order vesting permanent custody in defendant and granting temporary custody to plaintiff for one-half of the summer vacation from school.

Pursuant to the order, plaintiff was given possession of the children on or about June 15, 1973,[1] at the Midland, Texas residence of defendant and her husband, Allen R. Wheeler, and he returned with them to his residence in Lubbock. While the children were in his custody in Lubbock, plaintiff filed this suit for a change of custody on July 27 in the 140th District Court of Lubbock County. On the same day, without notice to defendant, a temporary restraining order was entered, placing immediate custody of the children in plaintiff and restraining defendant from interfering with plaintiff's custody pending further court orders. In the same order provision was made for a hearing on August 6 to determine the matters of temporary custody and restraint during the pendency of the suit. Service of plaintiff's petition and the temporary restraining order was had on defendant at Albany in Shackelford County on August 3. The hearing set for August 6 was not held; but, on August 7, the temporary restraining order was extended, and a hearing thereon was set for August 16. The August 16 hearing, at which time defendant had not answered and did not appear either personally or by counsel, produced an order directing that temporary custody of the minor children continue in plaintiff and that the temporary restraining order continue in force until trial could be had on the merits.

On October 29, defendant filed her plea of privilege to be sued in Shackelford County, her alleged place of residence then and at the time of the institution of the suit. In contravention of the plea, plaintiff relied upon the unknown-residence-of-defendant provision of Vernon's Ann.Civ. St. art. 1995, subdivision 3,[2] as the appropriate exception to the basic venue rule for maintenance of the suit in Lubbock County.

To establish that defendant's residence was unknown to him at the time he filed the petition for change of custody, plaintiff depended chiefly on a telephone conversation he had with defendant's husband, Allen Wheeler, in July of 1973. Wheeler apparently placed the call and, according to plaintiff, indicated that he did not know where defendant was and that he could not take care of the children. Plaintiff

---

1. All dates hereafter mentioned are in the year 1973 unless otherwise noted.

2. This subdivision reads as follows:
   "3. Non-residents; residence unknown.— If one or all of several defendants reside without the State or if their residence is unknown, suit may be brought in the county in which the plaintiff resides."

further testified that he tried without success to contact defendant's sister and also talked with Wheeler a number of times in attempting to locate defendant's whereabouts, but that he was unable to locate defendant. In addition, plaintiff noted the testimony of defendant that she had moved some five times during the ten month period prior to the institution of this suit.

On the other hand, Wheeler's version of the above-mentioned telephone conversation was that he told plaintiff that defendant was in Albany with her mother, and that they were going to move to Albany. Defendant testified that she moved to Albany on July 21 and temporarily resided with her mother to secure her care because of defendant's illness from pregnancy. Wheeler, who said he had arranged for a job in Albany that would not be available for more than a month, remained in Midland to work until August 28, when he joined defendant in Albany. Further, defendant submitted that the proof that plaintiff had her cited in Albany is additional evidence that plaintiff was not unaware of where she was residing.

The court sustained the plea of privilege. Plaintiff has appealed on three points of error.

■ Initially, plaintiff contends that the evidence conclusively established that the residence of defendant was unknown to plaintiff at the time the petition for change of custody was filed. We cannot agree.

The rule first stated in Brown v. Boulden, 18 Tex. 432 (1857), and later applied to subdivision 3 of the venue statute in Pan American Sign Company v. J. B. Hotel Company, 403 S.W.2d 548 (Tex.Civ.App.—Dallas 1966, no writ), is that a plaintiff must exercise reasonable diligence to ascertain the defendant's residence. In considering plaintiff's testimony, the trial court, as was stated in Pan American Sign Company v. J. B. Hotel Company, supra, "may have concluded that appellant failed to exercise the reasonable diligence" required.

■ Moreover, the conflicting testimony as to the substance of the telephone conversation between plaintiff and Wheeler created an issue of fact which the court as trier of the facts was free to resolve. Defendant's evidence, if believed by the court, is sufficient to support the implied finding that plaintiff in fact knew where defendant was at the time the suit was filed. If the evidence is conflicting and there exists in the record evidence of sufficient probative force to support the judgment of the trial court, then that judgment should not be disturbed. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97 (1953). Accordingly, plaintiff's first point of error is overruled.

■ Secondly, plaintiff urges that there was no evidence or insufficient evidence to establish that defendant's residence was in Shackelford County at the time the suit was filed. When defendant filed her plea of privilege for removal of the suit to Shackelford County, it became prima facie proof of her right to a change of venue. Rule 86, Texas Rules of Civil Procedure. In order for a plaintiff to retain venue in the county of suit, it must be clearly shown that the case comes within some well-defined statutory exception to the basic venue rule that a defendant has a right to be sued in the county of his residence. Shaw v. Allied Finance Company, 161 Tex. 88, 337 S.W.2d 107 (1960). An attack upon a verified plea of privilege regular on its face does not come within any statutory exception to the general rule of venue.

In Blackmon v. Esmond, 387 S.W.2d 72 (Tex.Civ.App.—El Paso 1965, no writ), the plaintiff attempted to defeat the defendant's plea of privilege, not by proof of an applicable statutory exception to the general venue rule, but by proof adduced at the venue hearing that the defendant's residence was not as it was sworn to be in the plea of privilege. The court determined

that under Rule 86, T.R.C.P., and the decisions thereunder, this "novel theory" should not be allowed to stand. To give credence to the position plaintiff takes here would mean the engrafting of another exception to the venue rule which, under the rationale of Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774 (1944), is unauthorized. Plaintiff's second point of error is overruled.

Thirdly, plaintiff asserts that defendant's plea of privilege was erroneously sustained because at the time the suit for change of custody was filed, the minor children were in the legal and actual custody and possession of plaintiff in Lubbock County, the proper county of venue for this action. This assertion is based on the rule employed in Hollingsworth v. Hollingsworth, 441 S.W.2d 619 (Tex.Civ.App.—Amarillo 1969, no writ), that venue in an action for change of custody of minors lies in the county of residence of the person having legal custody. That rule is applicable to the facts of the instant case, but the applicability is contrary to plaintiff's declaration.

The custodial rights claimed by plaintiff are those granted in the temporary order of custody entered in August of 1973. Nevertheless, pursuant to the modified divorce decree in 1972, the defendant is the permanent legal custodian of the children until such time as a permanent change in custody is ordered; and her right to be sued in the county of her residence in the custody matter cannot be defeated by entry of an ex parte stay order. Houseman v. Mahin, 390 S.W.2d 732 (Tex.1965). Thus, the application of the rule in *Hollingsworth* sustains defendant's plea to the venue. The third point of error is overruled.

The judgment is affirmed.