**James BLACK, Appellant,**

**v.**

**Leonel SALAZAR et ux., Appellees.**

**No. 1422.**

Court of Civil Appeals of Texas, Corpus Christi.

Feb. 8, 1979.

Brinkley L. Oxford, Oxford & Oxford, Edinburg, for appellant.

R. A. Vidaurri, Rafael H. Flores, McAllen, for appellees.

## OPINION

YOUNG, Justice.

This is an appeal from an order overruling appellant's plea of privilege. Leonel Salazar and Emma Salazar, appellees, filed suit in Hidalgo County against James Black, appellant, seeking specific perform-

ance of two contracts to deliver deeds to real property located in Hidalgo County. Appellant Black filed a plea of privilege to be sued in the county of his residence, Harris County. Appellee answered with a controverting affidavit claiming that Subdivisions 5 and 14 of Tex.Rev.Civ.Stat.Ann. art. 1995 (1964)[1] would maintain venue in Hidalgo County. At a hearing on the plea of privilege the trial court denied the plea. Black brings this appeal.

Findings of fact and conclusions of law were not and need not be filed in a plea of privilege case. See Rule 385(e) T.R.C.P. Where they are not filed, the judgment may be affirmed if there is sufficient evidence to support it upon any lawful theory. Every issue sufficiently raised by the evidence must be resolved in support of the judgment. *Atlantic Richfield Co. v. Trull*, 559 S.W.2d 676, 679 (Tex.Civ.App.—Corpus Christi 1977, writ dism'd).

Appellant brings one point complaining that the trial court erred in overruling his plea of privilege. While this point is too general and does not meet the requirements of Rule 418, T.R.C.P., we shall discuss appellant's grounds as we understand them as disclosed in his statement and argument to determine whether reversible error is shown. *Bookout v. Pugh*, 513 S.W.2d 281, 283 (Tex.Civ.App.—Corpus Christi 1974, no writ).

Appellant's first argument asserts that venue cannot be maintained in Hidalgo County under Section 14 of Article 1995 because the suit is one for specific performance of a contract for the sale of land and thus does not come within the Section 14 venue exception. See *Madeley v. Oualline*, 449 S.W.2d 352 (Tex.Civ.App.—Beaumont 1969, no writ). In their brief, appellees

agree with the above assertion and abandon all their contentions based upon Section 14 of Article 1995. We are also in agreement with the parties. Appellant's first contention asserting the inapplicability of Section 14 to this case is sustained.

Appellant also contends that Section 5 of Article 1995 will not maintain venue in Hidalgo County because the contracts for sale of the land herein do not expressly denote a place for performance of the appellant's obligation to deliver the deeds as is required by Section 5 of Article 1995. See *Harkness v. Employers National Insurance Company*, 502 S.W.2d 670 (Tex. Sup.1973). We agree. In a suit on a written contract the trial court in determining place of performance must look only to the written contract and may not consider parol evidence. *Conner v. Prescon Corporation*, 500 S.W.2d 713 (Tex.Civ.App.—Corpus Christi 1973, no writ); *Owens v. Sherrard Motor Company, Inc.*, 496 S.W.2d 113 (Tex. Civ.App.—Tyler 1973, no writ). The written contracts herein do not specify where the deeds are to be delivered, but each merely states:

> "Seller hereby binds and obligates himself to deliver to Buyer a sufficient warranty deed."

Appellees argue, however, that because their address was placed in the blanks at the beginning of the contract that this necessarily implies that the seller-appellant was obligated to perform in Hidalgo County. An identical argument was used by a plaintiff-buyer in *Johnston v. Personius*, 242 S.W.2d 471 (Tex.Civ.App.—San Antonio 1951, no writ). The court in *Johnston*, at page 472, rejected this contention by stating:

---

1. "No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases:

\* \* \* \* \* \*

5. Contract in writing.—(a) . . ., if a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either

in such county or where the defendant has his domicile.

\* \* \* \* \* \*

14. Lands.—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

".  .  . The mere designation by name of the promisee and statement of the town and state in which he resides cannot be construed as promising performance at that address rather than elsewhere."

In addition, and contrary to appellees' contention, the mere fact that the land to be sold is located in Hidalgo County is not sufficient by itself to maintain venue in Hidalgo County. *Traweek v. Ake*, 280 S.W.2d 297 (Tex.Civ.App.—El Paso 1955, no writ). Further, venue may not be fixed under Section 5 by implication. *Saigh v. Monteith*, 147 Tex. 341, 215 S.W.2d 610, 611 (1948); *Conner v. Prescon Corporation*, supra. Thus, we sustain appellant's second contention and find that neither of the two exceptions that the appellees relied upon in the trial court will support the trial court's judgment. No other theories for maintaining venue in Hidalgo County were presented in the trial court and thus those not so presented may not serve as a basis to maintain venue on appeal. *Wallace Co. v. Rockwell Intern.*, 568 S.W.2d 404, 407 (Tex.Civ.App.—Corpus Christi 1978, no writ).

Appellee contends, however, that there can be no reversal of the trial court's order because the appellant presented no evidence in the trial court that he was a resident of Harris County at the institution of this suit. This same argument was expressly rejected in *Meurer v. Wheeler*, 509 S.W.2d 645 (Tex.Civ.App.—Amarillo 1974, writ dism'd) because the filing of a plea of privilege is prima facie proof of a defendant's right to a change of venue. Consequently, in this case the plea of privilege itself was sufficient proof of the appellant's residence in Harris County. Rule 86, T.R. C.P.

Accordingly, the judgment of the trial court is reversed, and judgment sustaining James Black's plea of privilege is here rendered.

Reversed and rendered.