John W. CHANDLER, Appellant,

v.

Velda K. Chandler MIERENDORF, Appellee.

No. 17491.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Oct. 18, 1979.

James M. Murphy, Dallas, for appellant.

Bresenhan, Martin &· Wingate, Maurice Bresenham, Jr., Houston, for appellee.

Before COLEMAN, C. J., and WALLACE and DOYLE, JJ.

COLEMAN, Chief Justice.

This is an appeal from a judgment for unpaid child support. John W. Chandler (appellant) and Velda K. Chandler Mierendorf (appellee) were divorced in March, 1975, by decree of the Domestic Relations Court (now the 301st Judicial District Court) of Dallas County, Texas. In 1977 appellant filed a motion to modify the decree in the Dallas court. In response to a motion to transfer the suit to Harris County, the 301st Judicial Court, acting on authority of Texas Family Code, Title 2, § 11.06, transferred the suit to the 247th Judicial District Court of Harris County.

A motion for contempt and to reduce unpaid support to judgment was then filed by appellee in the 247th District Court. Appellant filed a plea to the jurisdiction and a plea in bar, in which he asserted that the 301st Judicial District Court maintains exclusive, continuing jurisdiction with respect to enforcement of its orders providing for child support. This motion was overruled, and appellant was held in contempt for failure to pay child support. The contempt order was attacked by writ of habeas corpus in this court, and appellant was ordered discharged. *Ex parte Chandler*, 580

S.W.2d 12 (Tex.Civ.App.—Houston [1st Dist.] 1979). Subsequently the 247th Judicial District Court entered the judgment from which this appeal was taken.

■ Appellant asserts that the judgment for unpaid child support is void because the 247th District Court is without jurisdiction to enforce an order for child support issued by the 301st District Court which reduces the unpaid amounts of child support to judgment under the authority of Texas Family Code, § 14.09(c). That section provides:

"On the motion of any party entitled to receive payments ·for the benefit of a child, the court may render judgment . . . after 10 days' notice to the defaulting party of his failure or refusal to carry out the terms of the order. The judgment may be enforced by any means available for the enforcement of judgments for debts."

Section 11.06(b) of the Family Code provides that if a petition or a motion to modify a decree is filed in a court having continuing jurisdiction of the suit, the court on motion, and on a showing that venue is proper in another county, shall transfer the proceeding to the county where venue is proper. Paragraph (c) also provides that for the convenience of the parties and witnesses and in the interest of justice, the court may transfer the proceeding or motion to a proper court in any other county in the state.

Paragraph (g) provides that the court transferring a proceeding shall send to the proper court in the county to which transfer is made the complete file in the suit affecting the child, certified copies of all entries in the minutes, and a certified copy of any decree of dissolution of marriage issued in a suit joined with the suit affecting the parent-child relationship.

Paragraph (h) provides that a court to which a transfer is made becomes the court of continuing jurisdiction, and all proceedings in the suit are continued as if it were brought there originally.

Appellant asserts that § 11.06(h) is inapplicable to the enforcement provisions of § 14.09(c), drawing an analogy to a line of Texas cases holding that contempt may be used as a means to enforce a child support order only by the court originally entering that order.

This rule of law was laid down by the Supreme Court of Texas in *Ex parte Gonzalez*, 111 Tex. 399, 238 S.W. 635 (1922). The Supreme Court considered a contempt decree issued by the 41st District Court of El Paso County for a pre-transfer violation of the terms of a prior decree issued by the 65th District Court of that same county. In *Gonzalez*, as in this case, the proceedings were transferred pursuant to a statutory provision that the court to which the transfer was made "had jurisdiction of the case as though the suit had been originally brought in that court." In *Gonzalez* the Supreme Court held that only the court in which the proceedings were pending at the time of the occurrence of the alleged violations had authority to punish for contempt. This holding has been followed in a number of cases. See *Ex parte Alvarado*, 543 S.W.2d 144 (Tex.Civ.App.—El Paso 1976, no writ); *Carlson v. Johnson*, 327 S.W.2d 704 (Tex.Civ.App.—Houston [1st Dist.] 1959, no writ).

The judgment of the 247th District Court was entered for the purpose of assisting appellee to collect child support awarded by the 301st Judicial District Court. We conclude that this action is expressly authorized by the Family Code, and that the order reducing the unpaid child support to judgment is valid. Section 11.01(5) " '(s)uit affecting the parent-child relationship' means a suit brought under this subtitle in which the appointment of a managing conservator or a possessory conservator, access to or support of a child . . . is sought." We consider a suit brought for the purpose of enforcing a support order to be a suit affecting the parent-child relationship.

Section 11.05(a) states:

"(W)hen a court acquires jurisdiction of a suit affecting the parent-child relationship, that court retains continuing jurisdiction of all matters provided for under this subtitle in connection with the child, and no other court has jurisdiction of a suit affecting the parent-child relationship with regard to that child except on transfers as provided in § 11.06 of this code."

The Supreme Court, in *Trader v. Dear*, 565 S.W.2d 233 (Tex.1978), emphasized that the provisions of Section 11.05(a) provided that the court in which a suit affecting the parent-child relationship was first filed or one to which the suit had been transferred as provided in the Code had continuing jurisdiction of all matters provided for under the Code in connection with the child, and that all other courts of Texas were required to respect its jurisdiction. The court specifically pointed out, however, that habeas corpus proceedings under the Family Code may be filed in the courts of any county in which the child is found, as well as the court of continuing jurisdiction, to enforce an outstanding custody order.

The courts of this state have long been open to actions instituted for the purpose of enforcing judgments of other states, and are required to lend their assistance in enforcing judgments of other states for child support by the Uniform Reciprocal Enforcement Of Support Act, Texas Family Code, § 21.01 et seq. See, *Westphal v. Palmer*, 480 S.W.2d 277 (Tex.Civ.App.—Houston [14th Dist.] 1972, no writ).

Section 11.06(h) expresses clearly the legislative intent that the transferee court takes continuing, exclusive jurisdiction over all proceedings in the suit. We find no reason to limit the jurisdiction of a transferee court to reduce to judgment only those child support payments that became due and payable after the transfer. In *Curtis v. Gibbs*, 511 S.W.2d 263, 266 (Tex. 1974), the Supreme Court stated:

"Recognizing the need to commit the decisions of all controversies that directly affect the welfare of particular children to a single court, the Legislature recently enacted Chapter 11 of the Texas Family Code, which provides that once a court acquires jurisdiction of 'the parent-child

relationship' with respect to a particular child, it has exclusive 'continuing jurisdiction' of all suits affecting that relationship. . . . [w]e assume the legislature intended to use the phrase 'continuing jurisdiction' in the same sense in which this court has heretofore used it in connection with child support orders, to mean that jurisdiction which continues after final judgment . . . ."

The jurisdiction to reduce unpaid payments under a support order to judgment on motion is jurisdiction which continues after final judgment. This case was properly transferred from the 301st Judicial District Court of Dallas County to the 247th Judicial District Court of Harris County. The 247th District Court was the only court having jurisdiction to reduce unpaid child support to judgment.

Affirmed.