**ABLE ENERGY SYSTEMS, INC., Appellant,**

v.

**Jim SONGER, Appellee.**

**No. 10–82–132–CV.**

Court of Appeals of Texas, at Waco.

Dec. 30, 1982.

Rehearing Denied Jan. 27, 1983.

Hugh O. Mussina, Dallas, for appellant.

Robert J. Wilson, Robert J. Wilson & Associates, Inc., Burleson, for appellee.

OPINION

McDONALD, Chief Judge.

This is an appeal by Defendant from an order of the trial court overruling its plea of privilege, and continuing a temporary injunction enjoining it from disposing of certain equipment.

Plaintiff Songer sued Defendant Able for breach of contract alleging Able agreed to build a wind generator for Songer; that Plaintiff advanced Defendant $20,000.00 for purchase of parts for the construction; that Defendant granted Plaintiff a lien on those parts; that Defendant defaulted on the agreement and failed to build the generator. Plaintiff prayed for his damages and also continuation of a temporary injunction preventing Defendant from disposing of the parts.

Defendant filed its plea of privilege to be sued in Dallas County, the county of its residence.

After hearing, the trial court overruled Defendant's plea of privilege and also continued the temporary injunction previously entered.

Defendant appeals asserting the trial court erred:

1) In holding Subdivision 5 a Article 1995 VATS was applicable to sustain venue in Johnson County.

2) In granting temporary injunction without a hearing and without evidence being heard to support the temporary injunction.

Pertinent portions of the contract are:

"Contract for sale of Wind Generator

This contract of sale made on this 6th day of November 1981, by and between ABLE ENERGY SYSTEMS, INC., herein called "ABLE" and Jim Songer herein called "BUYER", as follows:

I *Sale of Wind Generator*

Able hereby agrees to sell and Buyer hereby agrees to buy a wind energy generating system as follows: Single Phase 25KW * * *.

II *Site Preparation and Installation*

Buyer shall be responsible for the site preparation * * *.

III *Price and Terms of Sale*

As consideration for the sale and installation of the Wind Generator, Buyer agrees to pay to Able at Dallas, Dallas

County, Texas the sum of $25,695.00 * * *.

IV *Warranty*

The ABLE ENERGY SYSTEMS Wind Generators come with a one year unconditional guarantee * * *.

Witness our hands at Dallas, Texas on the day and year first written.

Able: Able Energy Systems, Inc.

By /s/ Benjamin G. Little

Buyer: /s/ Jim Songer"

On the same date Able wrote a letter to Songer addressed to him: Jimmie D. Songer, Rt 6, Box 78, Burleson, Texas 76028, confirming the placing of the order.

At trial Plaintiff testified he lives on 100 acres in Johnson County.

Section 5a Article 1995 provides in pertinent part: "Contract in Writing. * * * if a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile".

■ The contract executed by Plaintiff and Defendant does not state that the energy system was to be constructed in Johnson County. Plaintiff's testimony on trial cannot be looked to, to aid him in fixing venue in Johnson County under Subdivision 5. *Black v. Salazar*, Tex.Civ.App. (Corpus Christi) NWH, 577 S.W.2d 768.

■ Subdivision 5 requires venue under a contract be fixed expressly and not by implication. (Here, it is not even fixed in Johnson County by implication). *Saigh v. Monteith*, 147 Tex. 341, 215 S.W.2d 610; *Bowden v. Murphy*, Tex.Civ.App. (Waco) NWH, 448 S.W.2d 183; *Maynard Hill, Inc. v. Smith*, Tex.Civ.App. (Waco) NWH 534 S.W.2d 733.

Contention 1 is sustained.

■ Because the plea of privilege should have been sustained and the case transferred, the trial court should not have entered the order continuing the temporary injunction. *Ryan Mortg. Investors v. Lehmann*, Tex.Civ.App. (Beaumont) Er.Dismd. 544 S.W.2d 456.

Contention 2 is sustained.

The order of the trial court is reversed; the temporary injunction vacated; and the cause transferred to the District Court of Dallas County.

REVERSED & RENDERED.