**Wilbert LEE, Jr.,**

v.

**The STATE of Texas,**

**No. 3–86–215–CR.**

Court of Appeals of Texas, Austin.

Nov. 25, 1987.

Rehearing Denied Jan. 13, 1988.

Ronald S. Gutierrez, Austin, for appellant.

Ken Oden, Co. Atty., Alia Moses, Asst. Co. Atty., Austin, for appellee.

Before SHANNON, C.J., and BRADY and ABOUSSIE, JJ.

SHANNON, Chief Justice.

Appellant, Wilbert Lee, Jr., seeks to set aside a judgment of conviction for "violation of a court order." Tex.Pen.Code Ann. § 25.08 (Supp.1987). After a bench trial, the county court at law of Travis County assessed punishment at one hundred eighty days in jail. This Court will reverse the judgment.

Lee was convicted pursuant to Tex.Pen. Code Ann. § 25.08(a)(3) which provides

(a) A person commits an offense if, in violation of an order issued under Section 3.581, Section 71.11, or Section 71.12, Family Code, he knowingly or intentionally

\* \* \* \* \* \*

(3) goes to or near the residence ... of a member of the family or household as specifically described in the protective order.

The underlying court order here involved an agreement in which Lee and his former wife promised that each would not go within two hundred yards of certain locations where the other works or resides. The order, however, neither *directs* nor *commands* Lee to do or not to do anything.

Lee filed a motion to dismiss the information asserting that the underlying court order which he supposedly violated was an "invalid order." The underlying order was unenforceable or invalid, Lee insists, because it contains no language commanding or directing him to obey its provisions. The court's denial of his motion to dismiss forms the basis for Lee's complaint in this Court.

Lee's argument for reversal is that an order is enforceable as a court order only if it specifically directs or commands one to do or not do a certain act upon pain of contempt for noncompliance. The State joins issue claiming that the underlying order need not contain commanding or directing language before its violation is punishable pursuant to § 25.08.

The underlying order was signed pursuant to Tex.Fam.Code § 71.12 (1986) which provides

(a) To facilitate the settlement of a proceeding under this chapter, two or more parties to the proceeding may agree in writing, subject to the approval of the court, to do or refrain from doing any act that the court could order under Section 71.11 of this code. If all or part of an agreement is approved by the court, the part of the agreement approved shall be attached to the protective order and become a part of the order of the court.

(b) An agreement that is made a part of the court's order is enforceable as a court order and is not enforceable as a contract. The agreement expires when the court order expires.

The State urges that by virtue of § 71.12(b), the agreement of the parties, adopted by the county court, was alone sufficient to support the penal sanction imposed by § 25.08. The State predicates its argument on language in § 71.12(b) that "[a]n agreement that is made a part of the court's order is enforceable as a court order...."

■ This Court has concluded that the State's argument is faulty in at least two respects:

(1) The language of § 71.12(b) makes plain that the agreement is not complete in itself, but must be made "a part of the court's order." *See also* § 71.12(a) ("the part of the agreement approved [by the court] shall be attached to the protective order and become a part of the order of the court.").

(2) When § 71.12(b) is read in its entirety, it is evident that the provision was not intended to transform an agreement of the parties, without more, into an enforceable order, but instead § 71.12(b) is directed toward making plain the *manner* of enforcement of the agreement, assuming that it is enforceable.

■ This Court concludes, moreover, that the underlying agreed order must be sufficient to support contempt sanctions for its violation before the penal sanctions of § 25.08 are available. This is so since an agreement signed pursuant to § 71.12(b) and made a part of the court's order "is

enforceable as a court order." The method of enforcing court orders is, of course, by contempt. It follows that the legislature intended that violations of such agreed orders should be punishable by contempt. *See Equitable Trust Co. v. Lyle*, 627 S.W. 2d 824, 825 (Tex.App.1982, writ ref'd n.r.e.) (contempt power available for enforcement of lawful orders); *Johns v. Johns*, 172 S.W. 2d 770, 771 (Tex.Civ.App.1943, no writ), (quoting *Ex parte Gonzalez*, 111 Tex. 399, 238 S.W. 635, 636 (1922)).

Section 25.08, in turn, sanctions only violations of orders "issued under ... Section 71.12...." Pursuant to § 71.12(b), such an order must be sufficient to support an order of contempt.

Our conclusion is supported by sound policy. In *Ex parte Slavin*, 412 S.W.2d 43 (Tex.1967), the Supreme Court set out the reasoning underlying the strict requirements for orders enforceable by contempt:

> The rights of the parties under a mandatory judgment whereby they *may be subjected to punishment* as contemnors for a violation of its provisions should not rest upon implication or conjecture, but the language declaring such rights or imposing burdens should be clear, specific and unequivocal so that the parties may not be misled thereby.

*Id.* at 44 (emphasis supplied). Likewise in this appeal, before Lee could be jailed for up to six months under § 25.08, he should be instructed by the court in "clear, specific and unequivocal" terms.

Turning to the sufficiency of the order in question, this Court observes that the bulk of the order consists of the agreement of the parties. The order does contain certain *findings* of the county court, that

(1) Title IV of the Family Code has been complied with and the court has jurisdiction over the parties and subject matter;

(2) the parties have agreed to certain protective orders;

(3) that "family violence has occurred and is likely to occur in the forseeable future;"

■ The agreed order concludes with a recitation of the warnings required by Tex. Fam.Code Ann. § 71.16 (1986) and with a directive concerning the expiration date of the order. Nowhere in the order does the court command the parties to do or not do anything; instead, the agreed order consists, in the main, of a recitation of the parties' own agreement.

Where the court seeks to punish either by fine, arrest or imprisonment for the disobedience of an order or command, such order or command must carry with it no uncertainty, and must not be susceptible of different meanings or constructions, *but must be in the form of a command, and, when tested by itself, must speak definitely the meaning and purpose of the court in ordering.*

*Ex parte Slavin, supra* at 44, (quoting *Ex parte Duncan*, 42 Tex.Cr.R. 661, 62 S.W. 758, 761 (App.1901)); *see also Ex parte Padron*, 565 S.W.2d 921, 924 (Tex.1978).

In the absence of command language, the order at issue could not support a contempt citation. Accordingly, no sufficient order existed to form a basis for appellant's conviction under § 25.08.

The judgment is reformed to reflect a judgment of acquittal for violation of a court order.